

7.    When the petition is fully completed, the <u>original and two c</u>
      <u>must be mailed to the Clerk</u> of the United States District C

      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA P.O. BOX 1148 /
      PA 18501

8.    Petitions which do not conform to these instructions wi
      returned with a notation as to the deficiency.


<u>PETITION</u>

# 1: CV 01-0

1.    Name and location of court which entered judgment of convic
      under which you are presently confined:

      SC

      DISTRICT OF COLUMBIA SUPERIOR COURT
      _____
                                                         FEB

      WASHINGTON, D.C.
      _____      PER ___ /

2.    Date of judgment of conviction ___10-18-1981and1997___

3.    Length of sentence 5-15/81 _____ Sentencing Judge MOORE/Bay
                 aggregated 6-18months
4.    Nature of offenses for which you were convicted: _sEE SENTE
      MONITORING COMPUTATION DATA AS OF 7/20/2000 attach to app
      _tion._____
      _____

5.    Were you sentenced on more than one count of an indictment
      on more than one indictment, in the same court and at the sa
      time?    Yes _____    No __x___

6.    Do you have any future sentence to serve after you complete
      sentence imposed by the judgment under attack?
                 Yes _____    No __x___

      (a) if so, give name and location of court which imposed sente
      to be served in the future: ___N.A.___
      _____

(b) And give date and length of sentence to be served in future:

_____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes _____    No _____

7.  State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.

A. Ground one: _Illegal computation by the Bureau of Prison_
Supporting FACTS (tell your story briefly without citing cases or law)

_See attach Memo/Motion for supporting facts and documentation_

_____

_____

_____

_____

_____

B. Ground two: BOP CANNOT SUPERCEDE ORDER OF U. S. PAROLE

Supporting FACTS (tell your story briefly without citing cases or law)

_ORDER. See attach Memo/Motion for facts and documentation._

_____

_____

_____

_____

_____

C. Ground three: The BOP IS IN VIOLATION OF THE EXPOST FACTO

Supporting FACTS (tell your story _briefly_ without citing cases or

law)

CLAUSE OF THE U.S. constitution. SEE MEMO/MOTION ATTACH TO

PETITION.

_____

_____

_____

_____

_____

(Please insert additional grounds, if necessary)


    Wherefore, petitioner prays that the Court grant petitioner relief to
which he/she may be entitled in this proceeding.

    I declare under penalty of perjury that the foregoing is true and
correct.

Executed on  1-17-2000
                    Date


                                Signature


_____
    Signature of Attorney
        (if any)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN                          :
Reg. No.                                  :
LSCI Allenwood                            :      CASE NO. _____
P.O. Box 1000                             :
White Deer, PA 17887,                     :
                                          :
Petitioner,                               :
                                          :
                                          :
v.                                        :
                                          :
                                          :
SUSAN GERLINSKI                           :
P.O. Box 1500                             :
White Deer, PA 17887,                     :
                                          :
Respondent-Warden.                        :

## COMPLAINT

### MOTION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241

PETITIONER James S. Coleman ("Petitioner"), Pro Se, hereby moves this Honorable Court pursuant to 28 U.S.C. § 2241 to collateral estop the Bureau of Prisons from enhancing his sentence. In support thereof, Petitioner submits:

1) On case #F5593-80B in the D.C. Superior Court for the District of Columbia. Petitioner was convicted on November 18, 1981, and sentenced to 5 to 15 years.

2) Petitioner was paroled on November 18, 1987.

3) Petitioner violated parole in 1991 and was given a year set off date.

4) Petitioner was placed in a halfway house in March of 1992, and in September of 1992, Petitioner left the halfway house and was placed in escape status.

5)  Petitioner was re-arrested on Jan. 25, 1997 and charged with Prison Breach, petitioner was indicted on March 25, 1997.

6)  Petitioner pleaded guilty to the charge and was sentence to a consective sentence of six to eigthteen months (6to18 months), August 13, 1997.

7)  The above sentence was aggregated with petitioner parole violat time which was four years ( See face sheet dated 6-11-91 attached hereto as Exhibit A ).The new sentence gave petitioner a mandatory release date of 10- 19- 2000 with a full term date of 8/2/2002,( See face sheet dated,8- 19 -97,attached hereto as Exhibit B ).

8)  On  Jan. 1, 1998, petitioner saw the D.C. Parole Board on the aggregated sentence, with conditions impose (see The Board of Parole District of Columbia Notice Of Board Order, Exhibit C).

9)  Sometime doing that period of time the U. S. Congress passed the National Capital Revitalization and Self-Government Act of 1997, Pub.L. No.105-33, §11231(a)(1), 111 Stat. 712, 745; This bill has created some confusion for many people here and elsewhere.

10)  Thereinafter, petitioner 's sentence was once again recomputed under the Noble decision.  This recomputation changed petitioner's mandatory release date to 8/28/2001 with a full term to 2006( See face sheet dated 9/8/98, attach hereto as Exhibit D).

11)  Petitioner maintains that his sentence cannot be recomputed by the BOP just because he was tranferred From the D. C. Department Corrections to Federal custody.

12)  Petitoner saw the U. S. Parole Comm. on September 19,or there about and they denied parole continue to expiration, the parole package was submitted by the D.C. Dept. of Corrections not the BOP (see U. S. Department of Justice, Notice of action dated Jan.3. 2000, Exhibit E).

(3)

13)  Petitioner complained to the record office about the disparity between the
BOP and the D.C. Dept. of Corrections  computation.  Petitioner tried in vain to ex-
plain the situation to the case manger, unit manager and the correctional counselor,
on this matter and that petitioner had copies of all prior computations.

14) Petitioner started the Administrative Remedy process on 7-16-2000. Associate
Warden Richard Luna was the person whom made the record office officer correct petit-
ioners' computation to match his D.C. Dept. of Corrections face sheet. However,after
Mr. Luna was transfered to another post within the BOP petitioners' computation changed
again( see sentence monitoring computation data sheets of 5-10-2000, 7-12-2000 and
7-20-2000 attach hereto as Exhibit F).

15)    The BOP are under the mis-apprehension that petitioner was given good time
while in escape status from September 25, 1992 to January 25,1997 ( see computation
sheet from BOP dated 7-12-2000).

16)    Petitioner asserts, that while incarcerated in the D.C. Department of Correc-
ions  his face sheet indicated that he was credited with 1830 days of statutory good
time, however,upon being transferred to the BOP the allow statutory good time has de-
crease to 903 days without explanation from the BOP authorities. Thereby depriving
petitioner of his due process and equal protection under the constitution(see Admin-
istrative Remedy No 2204-A1 Part B - Response).

17)    Petitioner further asserts that the BOP violated the Ex Post Facto of the
District of Columbia by enhancing punishment that had been handed out to petitioner
from the D.C.Parole Board,D.C. Dept. of Corrections and finally by the U.S. Parole
Commission( See D.C. Parole  and U. S. Parole Notice of actions sheets Attach).

18)    Petitioner was sentence on the above mention case no. f5593-80b  11-18-81
petitioner was parole on 11-18-86 however he was arrested on Oct.10,1980 and made
bond in March of 1981 and came back in 1987 and served a little time.  Then in 1991
when this violation occured in June 91, until Sept. 1992 this time should be included
toward petitioners'statutory release date.

(4)

19)    Petitioner maintains that the District of Columbia laws are being violated by the BOP when they recomputed petitioner parole violation time and mandatory release date from 2001 to 2004, without considering the Noble decision which had a great impact on his sentence( see D.C. CODE 24-204 Authorization of parole; custody; discharge and 887 F. Supp. 11 (D. D. C. 1995), 32 F. Supp. 2d 11 ( DDC 1998)

20)    At all times petitioner was under the jurisdiction of the D.C. Parole Board at all times. Petitioner saw the U. S. Parole Commission in September 1999 and they denied parole to expiration with condition imposed ( see D. C. CODE 24-1231. Parole.) The BOP authority does not exceed statue for D.C. Code Offenders( see (1) Jurisdiction of Parole Commission to grant or deny parole and to impose conditions. ).

21)    The BOP maintain in their response to petitioners' Administrarive Remedy request that they concur with the Northeast Regional Office response( see David M. Rardin,Reginal Dir. **Response** Exhibit F ) this response is fill with inaccuracies and misleading imformation. For example see face sheet dated 6-11-91 at that time petitioner had only 1941 days upon his arrest,but they cite that petitioner had 3439 days left on his sentence.    Also, they refuse to pay attention to the Noble decision that put the additional time on my sentence.

22) Petitioner submits that the above facts occurred and that the BOP has arbitrarlly and capriciously violated petitioners'constitutional rights by prolonging a sentence that had already been computed and recomputed under the laws of the D.C. Code prior to his comitment in federal custody.

23)    Petitioner has maintain at all times thru the Administrarive Remedy procedure that the BOP has a misunderstanding or is just mean hearted in its dealing with inmates. As you can see the BOP at no time investigated petitioners' claims.    Their responsiblity under the transfer of Prison system to Federal Authority. Chapter 12.  See D. C. Code §24-1201. Thereby depriving petitioner of constitutional rights.

(5)

24)     Petitioner is now being held illegally his time is up, by virtue of his statutory good time, educational good time, and earned institutional good time( see Central Office Administrative Remedy Appeal Response Attach hereto)petitioner should have been release in late December., if those same guidelines apply that make mandatory release date 8-9-03.

25) The Department of corrections may have violated petitioner due process rigths when they added street time that petitioner was accredited with at the time of the violation in 1991 (see face sheet dated 1991). Yet, in 1998 when the Noble decision came down the provision of the "the good time credit act D.C. Code 24-431"   was the law at the time petitioner was violated there depriving the petitioner of the 5amendment of the U.S. constitution.

CONCLUSION

        Petitioner who had been given an effective date of 8-16-2001 by the U.S. Parole Commission on Jan. 3, 2000, was subjective to a curtailing change in liberty  by the BOP-Allenwood recomputation of his sentence. Mandatory parole release is of "enormous interest" to petitioner and must be treated as conditional liberty entitled to due process protection the BOP did not afford petitioner that right. Therefore being restrained of liberty in violation of the U.S. Constitution.

        Wherefore, Petitioner contends, based on the facts ~~presented~~ PRESENTED in this Motion, that he is being imprisoned in violation of the Constitution of the United States, and that such imprisonment constitutes a restraint on his liberty and prays that this Honorable Court will grant the writ of Habeas Corpus forthwith.

                                    Respectfully sbmitted,

                                    James S. Coleman, Pro Se

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMES S. COLEMAN          :
Reg. No. 09229-007        :
LSCI Allenwood            :
P.O. Box 1000             :
White Deer, PA 17887      :          CASE NO. _____
                          :
PETITIONER,               :
                          :
V.                        :
                          :
                          :
SUSAN GERLINSKI           :
P.O. Box 1500             :
White Deer, PA 17887      :
                          :
Respondent-Warden.        :


AFFIDAVIT IN SUPPORT OF MOTION
TO PROCEED IN FORMA PAUPERIS


I, James S. Coleman, being duly sworn, depose and say that I am

the Petitioner in the above entitled cause; that I am a inmate in Low

Security Correctional Institution- Allenwood; that in support of my

motion to proceed without being required to pay fees or costs, or give

security therefor; I state that I am unable to pay costs of said pro-

ceeding or to give secrity therefor; that I believe that I am entitled to

redress; and that the issues I wish to present in this action are con-

tained in my application and attach motion, for HABEAS CORPUS 28 U.S.C.

§ 2241 which tendedered for filing herein.

1. I am not employed.

2. I received no income from outside sources on a regular basis.

3. The only funds that I have assests to are the ones I earn working here at the Institution.

4. I do not own a checking or saving accounts.

5. I do not own any real estate, stocks, bonds, notes, automobiles, or other valuable property.

I understand that a false statement or answer to any question in this Affidavit will subject me to penalties of perjury.

Respectfully submitted,

James Coleman
Petitioner pro se

SUBSCRIBED AND SWORN TO before me this 25th day of January 2001

NOTARY PUBLIC

NOTARIAL SEAL
MICHELLE L. MERTZ, NOTARY PUBLIC
GREGG TWP, UNION COUNTY, PA
MY COMMISSION EXPIRES JULY 29, 2002

ADP Form 19 DCDC-7-70

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

ExHiBiT-A

Date Prepared
6-11-9
(Mo., Da., Yr.)

148161

| DCDC Number | Name (Last, First, Middle) | | | | | | | Race B | Sex M |
|---|---|---|---|---|---|---|---|---|---|
| 198126 | Coliman, Jamin | | | | | | | | |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date 4-23-46 | Place of Birth | | |

| | |
|---|---|
| Offense | DCPV (DCPV - ████████) |
| Case Number | F5593-80B |
| Sentence (Yrs., Mos., Days) | cuws 1941 day on 18 yrs. |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 6-11-91 |
| Full Term Date (Mo., Da., Yr.) | 9-17-96      1-19-2001 W |
| Short Term / M.R. Date (Mo., Da., Yr.) | 4-26-95      8-27-1999 W |
| Parole Eligibility Date (Mo., Da., Yr.) | PV |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 516 days |
| Plea | |
| Committing Judge | |
| Defense Attorney | |
| Initialed By: | tc/mae |

| DETAINERS | | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | For | | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | |
| 2-11-87 | 2-27-87 = 17 days | Escaper supervisions term 9-16-92 RNW 1-26-97 = 13 |
| Cont Same | | |
| 4-11-87 | 5-2-91 = 151 days | |

YELLOW COPY TO ADP

Exhibit 2

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
FACE SHEET No. 2

Date
Prepared
8/19/97
(Mo., Da., Yr.)

| DCDC Number | Name Last, First, Middle | | Race | Sex |
|---|---|---|---|---|
| 148161 | COLEMAN, JAMES | | BLACK | MALE |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| 6'0" | 200LBS | MEDIUM | BROWN | BLACK | 51 | 4/23/46 | WASHINGTON, D.C. |

TOTAL SENTENCE: 6 MONTHS / 5 YEARS 21 MONTHS 22 DAYS

| | | |
|---|---|---|
| Offense | PAROLE VIOLATOR<br>470-65 | PRISON BREACH |
| Case Number | F-5593-80(B) | F-790-97(B) |
| Sentence (Yrs., Mos., Days) | OWES 1941 ON 18 YEARS | 6/18 MONTHS |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 6/11/91 | 8/13/97 |
| Full Term Date (Mo., Da., Yr.) | | 8/2/2002 |
| Short Term / M.R. Date (Mo., Da., Yr.) | | 10/19/2000 |
| Parole Eligibility Date (Mo., Da., Yr.) | | 2/12/98 |
| Max. Supervision Date (Mo., Da., Yr.) | | N/A |
| Statutory Good Time Rate / Month | | 653 DAYS |
| Plea | | GUILTY |
| Committing Judge | | BAYLY |
| Defense Attorney | | N/A |
| Initialed By: | | MRC. |

| DETAINERS | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | INOPERATIVE TIME FROM 9/26/92 THRU |
| STREET TIME | | 1/26/97 = 1584 DAYS |
| 2/11/87 | 2/27/87 = 17 DAYS | 1584 DAYS CONVERTED IS 4 YEARS 4 MONTH |
| | | 1 DAY. WHICH WAS CALCULATED IN THE |
| | | ABOVE COMPUTATION. |
| STREET TIME | | |
| 4/11/87 | 5/20/91 = 1501 DAYS | |
| | | VOID FACE SHEET DATED 6/11/91 |
| | | |
| | | |
| | | |
| | | |

YELLOW COPY TO ADP





*of the*
### District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 148-161                    **NAME** JAMES S COLEMAN

**DOB** 04/23/1946          **SSN** 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          **LOCATION** OCCOQUAN FACILT

**DOCKET** H9801-0031          **CONSIDERATION TYPE** H:INITIAL

The District of Columbia Board of Parole issues the following **ORDER:**

DENY PAROLE; RECONSIDER FOR PAROLE BY 06/27/1999

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PROGRAM PARTICIPATION
PSYCHOLOGICAL COUNSELING
COMPLETE SUBS. ABUSE PROG

Remarks:

_Margaret Quick_

01/22/1998
_____          _____
Date                              Chairman
                                    on behalf of the Board of Parole

Seal

**A TRUE COPY**
TEST                              [ Offender ]

_Michael Green_

Director, Michael Green
Parole Determination
D.C. Board of Parole

E: *Coleman James* DCDC# *148-161* Board Order Date: *1-22-98*

ode #      Reasons for the Board's Decision are Circled Below:

) As Recommended by Point Assignment Grid Score (a Numerical Risk Measurement) of:_____

) Set-off is Outside Parole Guidelines Recommendation Due to Countervailing Factors

Exceptional Program or Work Assignment Achievement
> Successful completion of appropriate educational or vocational programs or program levels which increased the likelihood the offender will remain crime-free in the community, OR exceptional and sustained performance in one or more work details which increased the likelihood the offender will remain crime-free in the community, OR maximum effort to participate in appropriate programs, but opportunities for programming were not available, and offender's programming needs can be met in the community.

! Record of Nonviolent Offenses
> criminal convictions have not involved injury or threat of injury to others

i Substantial Crime-Free Period
> in the 5 years prior to committing instant offense, subject was not committed for more than 30 days on any offense, AND offender has otherwise demonstrated an ability to remain crime-free in the future

! Substantial Previous Period in Custody on Other Sentences or Additional Committed Sentences
> offender has demonstrated during this continuous period in custody, which included or will include other sentences, that he or she is ready to be paroled to the community or to his or her consecutive sentence

i Substantial Cooperation with the Government
> documented special or unusual assistance to DCDC or another government agency which made an exceptional contribution to the health, welfare, or safety of persons or property

) Availability of Community Resources Leading to Better Parole Prognosis
> an opening or opportunity for offender to participate in a program, service or other accommodation in the community, AND that will meet the offender's identified needs and lead to reduced risk to the community or another person

} Poor Medical Prognosis
> terminally ill or sufficiently debilitated so that the likelihood of repeated criminal involvement or risk to the community or other person is minimal

S Other Changes in Circumstances
> capabilities or characteristics of offender have changed in ways that minimize the likelihood of repeated criminal involvement, or risk to the community or other person

! Prior Failure Under Community Supervision
> offender's prior negative conduct while under community supervision is likely to be repeated if again released to the community

) Ongoing or Repetitive Criminal Behavior
> failure to remain free of criminal activity over sustained periods of time, OR instant offense is similar to a prior offense and is likely to be repeated

2 Prior Record of Violent Behavior
> prior record of violent behavior that creates an unacceptable risk to public safety

3 Instant Offense Involved Unusual Cruelty to Victims
> physical, mental, or emotional abuse beyond the degree needed to sustain a conviction on the instant offense, OR especially vulnerable victims (for example, children or elderly persons victimized by assaultive, exploitive, or fraudulent behavior)

4 Serious Negative Institutional Behavior
> documented criminal conduct or breach of institutional rules, the severity, frequency, or recent occurrence of which indicates that subject is not ready to remain crime-free in the community

5 Opportunity but Little Effort to Engage in Productive Programming or Work
> an opportunity for productive programming or work was made available by the Department of Corrections, parole officer, or other agency or employer, AND offender was able but failed to make appropriate use of that opportunity

6 Absence of Community Resources Which Ensure Safety of the Community
> unavailability of necessary services to support offender's personal or community adjustment, and minimize risk to the community, offender, or other person

7 Needs Programming to Remain Crime-Free in the Community
> offender requires appropriate programming to address the underlying cause of his or her criminal conduct and reduce the risk to the community

> A TRUE COPY
> ATTEST

Director: Michael Green
Parole Determination
D.C. Board of Parole

*Margaret Quick* - !

0 Other:



GOVERNMENT OF THE DISTRICT OF COLUMBIA

DEPARTMENT OF CORRECTIONS
MAXIMUM SECURITY FACILITY
Lorton, Virginia 22199

MEMORANDUM

TO:        James Coleman
           DCDC 148161
           CB 7

FROM:      Virginia Bowie
           Supervisor, Records

DATE:      January 18, 2000

SUBJECT:   Sentence Computation


Attached is copy of your face sheet.  When you were sentenced
August 13, 1997 to 6/18 mos your sentence was aggregated with your
parole violators term and your inoperative escape time was also
included in the computation.  As your face sheet reflects your
mandatory release date is 8-28-2001.

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
FACE SHEET No. 2

*Exhibit D* (handwritten)

Date
Prepared
9-8-98
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | Race | Sex |
|---|---|---|---|---|
| 148161 | COLEMAN, JAMES | | Black | Male |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| 6'0" | 200 | Lg | Brn. | Blk. | | 4/23/46 | Wash., D.C. |

| | | |
|---|---|---|
| Offense | DCPV ASSAULT, RAPE, AWITC RAPE | PRISON BREACH |
| Case Number | | F-790-97B |
| Sentence (Yrs., Mos., Days) | OWES 3,441 DAYS | 6/18 MONTHS |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 6-11-91 | 8-13-97 |
| Full Term Date (Mo., Da., Yr.) | | 9-10-2006 |
| Short Term / M.R. Date (Mo., Da., Yr.) | | ~~9-6-2001~~ 8/28/2001 EBY |
| Parole Eligibility Date (Mo., Da., Yr.) | | 1-13-98 |
| Max. Supervision Date (Mo., Da., Yr.) | | NA |
| Statutory Good Time Rate / Month | | 30/1830 |
| Plea | | GUILTY |
| Committing Judge | | BAYLY |
| Defense Attorney | | |
| Initialed By: | | VB |

**DETAINERS**

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |
| | | |

**CONDUCT CREDITS**

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| 7/16/98 | 9 | Life Skills | | |

**JAIL CREDIT DATES**

| From and Including | To and Including |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

**REMARKS**

VOID FACE SHEET DATED 8-15-97
RECOMPUTED UNDER THE NOBLE DECISION

PV TERM 9 YRS 4 MOS 30 DAYS

INOPERATIVE ESCAPE TIME: 9-26-92 THRU
1-26-97 = 1584 DAYS
ESCAPE TIME EQUALS 4 YRS 4 MOS 1 DAY

TOTAL AGGREGATED SENTENCE 15 YRS 2 MOS 31 DA

EXHIBIT

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Name: COLEMAN, James**

**Register Number: 00148+161**                    **Institution: Maximum Facility**

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to expiration with placement recommended in a community corrections center for up to 90 days prior to the mandatory release date, and with the highest level of supervision. In addition, you shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you. In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. Further, you shall register with the Washington DC Police Department as a prior sex offender.

## REASONS

Your previous score under the District of Columbia parole guidelines was 3. With adjustments reflecting your institutional record since your last hearing, your current score is 3. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After review of all factors and information presented, a departure from the guidelines at this consideration is warranted for the following reasons: You are a more serious risk than indicated by the total point score in that you have an extremely assaultive history. As a juvenile after first being retained in the Police Juvenile Bureau for assault you were subsequently placed on probation for multiple counts of housebreaking and unlawful entry. As an adult you have committing two brutal sex offenses. While on parole for the first offense of rape you committed another rape. After being paroled from the second rape offense you continued to commit criminal behavior involving burglary which resulted in your parole being revoked for a second time. While in custody as a parole violator you escaped and were in escape status over 4 years. There is no indication that you have lessened the risk that you pose to the community by participating in sex offender treatment in the institution. To the contrary, you continue to deny that you raped anyone which would be indicative of the fact that you continue to be a very serious public safety risk who should not be released until you have served to the expiration of your sentence.

## THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

**Date: January 3, 2000**                                    **Clerk: adc**

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: COLEMAN, JAMES S          09229-007     Union      LSIC-allenwood
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT        INSTITUTION

Part A– INMATE REQUEST   I enter the Bop on 4-28-60 with a mandatory release date of 2001. I saw the U.S. Parole Commission in Sept. 1999. At that time my parole package indicated that my mandatory release date was 2001, however due to the computation of LSICA my sentence structure has changed. Under D.C. Code 24-1231 the paroling authority is invested in the U.S. Parole Commission for D.C. Code offenders. Therefore, my mandatory release day should be 12-99 with all SGT, EGT and IGT accredited

3-28-00
_____          _James Coleman_____
       DATE                              SIGNATURE OF REQUESTER

Part B– RESPONSE




                        Please see attached




                                    Susan Gerlinski, Warden
_____          _____
       DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE               CASE NUMBER: 220462-F1
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                         CASE NUMBER: _____

Part C– RECEIPT
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
       DATE                                  RECIPIENT'S SIGNATURE (STAFF MEMBER)
                                                              BP–229(13)
                                                              APRIL 1982



UNITED STATES GOVERNMENT
Department of Justice
Low Security Correctional Institution
Allenwood Federal Correctional Complex
White Deer, PA 17887

REQUEST FOR ADMINISTRATIVE REMEDY
PART B - RESPONSE

Coleman, James
Reg. No. 09229-007
REMEDY ID: 220462-F1

I am in receipt of your Request for Administrative Remedy wherein you claim that your sentence computation and release date are inaccurate. Specifically, you assert that your release date should have been in December 1999.

Your sentence computation has been reviewed. Your statutory release date is January 27, 2004. On June 11, 1991, you were arrested for a parole violation. Your violator term of 3439 days (remaining on your original sentence) began to run the day you were arrested. While serving this parole violator term, you were placed on escape status on September 25, 1992. You remained on escape status until your apprehension on January 25, 1997. During the time while you were on escape, your sentence was inoperative. Your sentence resumed once you were apprehended. Your original release date was in September 1999, but since your sentence was inoperative during the time you were on escape, you were not credited for the period of time from September 25, 1992 to January 25, 1997.

On August 13, 1997, you were sentenced to 6-18 months for the escape. This sentence was ordered to run consecutive to the violator term you were originally serving. The violator term and the new consecutive sentence were aggregated for a total maximum sentence of 18 months and 3439 days. This converts to 10 years, 11 months, and 1 day. This aggregate sentence was computed from the day you were originally arrested on June 11, 1991. You are receiving credit on this aggregate sentence from June 11, 1991 to September 25, 1992 and since January 25, 1997.

The U.S. Parole Commission (USPC) reviewed your case in September 1999 for possible parole consideration. After reviewing your case, the USPC issued a Notice of Action on January 3, 2000. In the Notice of Action, the commission denied parole and ordered that your sentence continue to expiration. With good time, your statutory release date is January 27, 2004.

Based on the above, your request for relief is denied.

Susan Gerlinski, Warden

7-12-00
Date

U.S. Department of Justice

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submit with this appeal.

| From: | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

Low Security Correctional Institution - Allenwood has continually refused to correct my computation (Transfer of Prison System to Federal Authority D.C-code §24-1201. Bureau of prisons (B)). This appeal request that, that my prior sentence with D.C.D.C. be reinstituted as is with respect to my mandatory release in 12/0000. Attachs are copies of my DCDC face sheet, U.S. Parole Commission, Notice of action and other information.

09/16/2000
DATE

James Blue
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

CASE NUMBER: 220462-R2

Return to: _____

CASE NUMBER: _____

**COLEMAN, James**
Reg. No. 09229-007
Appeal No. 220462-R2
Page One

---

## PART B - RESPONSE

In your appeal, you allege your sentence computation has been computed incorrectly. Specifically, you contend that your prior District of Columbia sentence should "be reinstated as is with respect to my mandatory release in 12/2000."

A review of our records revealed the following. In November 1981, you were sentenced in the District of Columbia Superior Court to a 15 year term. On June 11, 1991, you were arrested for a parole violator term. At the time of your arrest, you had 3439 days remaining on your original sentence. This parole violator term began to run on June 11, 1991, the day you were arrested. On September 25, 1992, while serving this parole violator term, you escaped from federal custody. You remained on escape status until your apprehension on January 25, 1997. While on escape status, your sentence was inoperative and you will not receive credit for that period of time.

On August 13, 1997, you were sentenced in the District of Columbia Superior Court to a term of 6 to 18 months for escape. This sentence was ordered to run consecutive to the violator term you were originally serving. The two sentences (18 months and 3439 days) have been aggregated for a total term in effect of 10 years, 11 months, and 1 day, commencing on June 11, 1991 (but excluding the inoperative time referenced above due to your escape). The most recent Notice of Action, dated January 3, 2000, denies parole and ordered that your sentence continue to expiration. Your statutory release date is January 27, 2004. Our review indicates your sentence computation has been computed correctly. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

DATE: October 25, 2000

David M. Rardin
Regional Director

Justice                                 **Central Office Administrative Remedy Appeal**

ll-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
-e submitted with this appeal.

| COLEMAN    JAMES   S. | 09229-007 | UNION 60B | ALF |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

A—REASON FOR APPEAL The Regional Director mis-stated the facts in this matter, I had 1941 days left on my original sentence, in 1991. I did not escape from a federal half-way house. I am not asking for credit for inoperative time. My sentence was recomputed under the Noble decision in September 1998. I have received three computation sheets since I've been under the custody of the BOP. Why? The BOP had nothing to do with my last appearence before the U.S. Parole Commission. My mandatory release date at that time was August 2001. I have been incarcerated for over ten years plus on this conviction and the 1997 prison breach charge. Will you please look into all the facts concerning this matter.

11-11-2000
_____
DATE                                    _____
                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
NOV 21 2000
ADMINISTRATIVE REMEDY BRANCH

_____
DATE                                    GENERAL COUNSEL
                                        CASE NUMBER: 220467-A1

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

Previous editions not usable

```
   ALFPA  540*23 *          SENTENCE MONITORING          *    05-10-2000
   PAGE 001        *         COMPUTATION DATA            *    13:29:43
                             AS OF 05-10-2000

REGNO..: 09229-007 NAME: COLEMAN, JAMES


FBI NO..........:                    DATE OF BIRTH: 04-23-1946
ARS1............: ALF/A-DES
UNIT............: UNION              QUARTERS.....: U07-602L
DETAINERS.......: NO                 NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-01-2004 VIA EXP W/GT

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F5593-80B
JUDGE...........................: MOORE
DATE SENTENCED/PROBATION IMPOSED: 11-18-1981
DATE WARRANT ISSUED.............: 05-21-1991
DATE WARRANT EXECUTED...........: 06-11-1991      1-26-1997
DATE COMMITTED..................: 03-06-2000
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY: NO  SERVICES:  NO      AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  654
OFF/CHG: DC CODE ASSAULT WITH INTENT TO COMMIT RAPE.

 SENTENCE PROCEDURE.............: D.C. CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:    18 MONTHS
 NEW SENTENCE IMPOSED...........: 3440 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 10-10-1980

----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F790-97
JUDGE...........................: BAYLY
DATE SENTENCED/PROBATION IMPOSED: 08-15-1997
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A



G0002       MORE PAGES TO FOLLOW . . .
```

*This computation from Cartmoka, Rec. Officer*

```
ALFD2   540*03 *              SENTENCE MONITORING              *   07-12-2000
PAGE            *       INDEPENDENT SENTENCE COMPUTATION       *   10:39:11

    SENTENCE PROCEDURE: 13   4205(A)REG ADULT
    SPT/PAR/MR VIOL...: N    MAN SGT RATE:
    TERM IN EFFECT YRS: 15   MOS: 2   DAYS: 31   OR LIFE/DEATH:
    TIE CONVERTED  YRS: 15   MOS: 3   DAYS:
    MINIMUM TERM   YRS:      MOS:     DAYS:
    JAIL CREDIT    FROM:              THRU:         =      DAYS
                   FROM:              THRU:         =      DAYS
                   FROM:              THRU:         =      DAYS
    TOTAL JAIL CREDIT DAYS: 1-26-99                               2000
    INOP TIME      FROM:              THRU:         =      DAYS
                   FROM:              THRU:         =      DAYS
    TOTAL INOPERATIVE TIME DAYS:
                                      SGT RATE......: 10
    DT SENT BEGAN: 06-11-1991         SGT TOTAL DAYS: 1830
                                      STAT REL DT...: 09-06-2001 THU
                                      180 DAY DT....: 03-14-2006
                                      PAROLE ELIG...: 07-10-1996
                                      2/3 OR 30YR DT: 08-10-2001
    HARDCOPY Y/N: Y                   EFT DT........: 09-10-2006

    DATA ENTERED BY:
```

DC — erroneously computed your DC term as 15 y 2 m 31 d. & did not include inoperative (escape) time.

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

your actual DC term aggregate is 10 y 11 m 2d.

The difference in your short term is that you cannot

earn SGT while you
are in escape status.

```
ALFD1  540*23 *              SENTENCE MONITORING            07-20-2000
PAGE 001         *           COMPUTATION DATA               12:53:22
                             AS OF 07-20-2000
```

REGNO..: 09229-007 NAME: COLEMAN, JAMES

```
FBI NO.............: 109135F          DATE OF BIRTH: 04-23-1946
ARS1...............: ALF/A-DES
UNIT...............: UNION            QUARTERS.....: U07-602L
DETAINERS..........: NO               NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 01-27-2004 VIA EXP W/GT

--------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F5593-80B
JUDGE..........................: MOORE
DATE SENTENCED/PROBATION IMPOSED: 11-18-1981
DATE WARRANT ISSUED............: 05-21-1991
DATE WARRANT EXECUTED..........: 06-11-1991
DATE COMMITTED.................: 04-28-2000 — 1-26-97
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR / Brian Beach (1997)
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:
```

RESTITUTION...: PROPERTY: NO   SERVICES: NO   AMOUNT: $500.00

--------------------CURRENT OBLIGATION NO: 010 ------------------------

```
OFFENSE CODE....: 654
OFF/CHG: DC CODE: ASSAULT WITH INTENT TO COMMIT RAPE.
```

sentence imposed was 5-15 not 15 years they have a mis conception of how I was sentenced in 1981

```
SENTENCE PROCEDURE.............: D.C. CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.: 15 YEARS
NEW SENTENCE IMPOSED...........: 3439 DAYS  → This not a new sentence
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 10-13-1980
```

--------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F790-97
JUDGE..........................: BAYLY
DATE SENTENCED/PROBATION IMPOSED: 08-15-1997
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
```

```
G0002    MORE PAGES TO FOLLOW . . .
```