

MCC:KLM:slg:2001V00406

(8)
5-18-01
sc

**FILED**
**HARRISBURG, PA**

MAY 1 7 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES S. COLEMAN, | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civil No. 1:CV-01-0267 |
| | : | (Caldwell, J.) |
| SUSAN GERLINSKI, Warden, | : | (Mannion, M.J.) |
| Respondent | : | |

RESPONDENT'S RECORD IN SUPPORT
OF ITS RESPONSE TO HABEAS CORPUS PETITION

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant United States Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date:  May 17, 2001

## INDEX

Ellis Declaration . . . . . . . . . . . . . . . . . . . . . . R.  1

    Attach. 1       Superior Court of the District of
                 Columbia, J & C, dated 1981 . . . . . . . R. 11

    Attach. 2       District of Columbia Certificate
                 of Parole, indicating petitioner
                 was paroled on 11-24-86 . . . . . . . . . R. 13

    Attach. 3       District of Columbia Department of
                 Corrections Face Sheet, dated 12-4-81 . . R. 15

    Attach. 4       Superior Court of the District of
                 Columbia, J & C, dated 4-8-91 . . . . . . R. 17

    Attach. 5       District of Columbia Board of Parole
                 Warrant, dated May 21, 1991 . . . . . . . R. 19

    Attach. 6       District of Columbia Department of
                 Corrections Face Sheet, dated 6-11-91. . R. 21

    Attach. 7       Program Statement 5880.32,
                 <u>District of Columbia Sentence Computation</u>
                 <u>Manual</u>, Chp.7 . . . . . . . . . . . . . . R. 23

    Attach. 8       Superior Court of the District of
                 Columbia, J & C, dated 2-29-00 . . . . . R. 29

    Attach. 9       Sentence Monitoring Computation Data,
                 printed from SENTRY computer system . . . R. 31

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES COLEMAN,    :
   Petitioner   :
          :
  vs.      :  Civil No. 1:CV-01-0267
          :  (Caldwell, J.)
          :  (Mannion, M.J.)
SUSAN GERLINSKI,   :
   Respondent   :

## DECLARATION OF MATTHEW ELLIS

I, Matthew Ellis, do hereby declare and state the following:

1. I am the Inmate Systems Manager for the Low Security
Correctional Institution (LSCI) in Allenwood, Pennsylvania.
I have been employed by the Federal Bureau of Prisons (BOP)
since June 28, 1992.  I have held the position of Inmate
Systems Manager at LSCI Allenwood since June 1998.  Through
my official duties, I am familiar with the Bureau of Prisons
policies and procedures pertaining to the computation of
sentences including, but not limited to, those arising out
of the District of Columbia Superior Court.  As Inmate
Systems Manager, I audit the sentence computations for
inmates committed for service of sentence to LSCI Allenwood.

R. 1

2.   As an Inmate Systems Manager with the BOP, I have access to information maintained by the BOP's SENTRY computer system. Additionally, I have access to inmate's Central Files which include Judgment and Commitment Orders, Parole Certificates, and Sentence Computation documents in relation to federal inmates.

3.   I have audited the sentence computation on the Petitioner, inmate James S. Coleman Federal Register Number 09229-007. The computation has been computed in accordance with D.C. Code (DCC) and BOP policy.  Following, are the calculations for the Petitioner's original sentence and subsequent violations.

4.   On October 10, 1980, the Petitioner was arrested for the DCC offense of Assault With Intent To Commit Rape.  He was sentenced on November 18, 1981 to 5 to 15 years imprisonment. Attached hereto as Exhibit 1 is a true and correct copy of A Judgment and Commitment Order from the Superior Court of the District of Columbia for the Petitioner, dated November 18, 1981.

5.   The Petitioner was paroled by the D.C. Board of Parole on November 24, 1986.  Attached hereto as Exhibit 2 is a true and correct copy of  the District of Columbia Certificate of Parole for the Petitioner.

6.   Attached hereto as Exhibit 3 is a true and correct copy of the District of Columbia Department of Corrections Face Sheet prepared November 4, 1981, indicating that the Petitioner's Full Term Date was April 24, 1996.

7.   Attachment 3 sets forth the sentence calculation for the Petitioner's original sentence.  This document sets forth that the computation began on November 18, 1981, and after subtracting jail credit and good time, the Petitioner's completion date was May 21, 1991. The Petitioner was paroled on November 24, 1986, with 3439 days remaining on his sentence.

8.   While on parole supervision until April 24, 1996, the Petitioner was arrested on January 12, 1991 for the D.C. Code offense of Attempted Burglary.  For this offense, the Petitioner received a sentence of 180 days. Attached hereto as Exhibit 4 is a true and correct copy of the Judgment and Commitment Order for the Petitioner dated April 8, 1991.

9.   Due to the Petitioner's commission of an Attempted Burglary, the D.C. Board of Parole issued a parole violation warrant. Attached hereto as Exhibit 5 is a true and correct copy of the District of Columbia Parole Board's Warrant dated May 21, 1991.

10.  The Petitioner completed the 180 day sentence on June 11, 1991, and the parole violation warrant was executed the same day.

11.  Thus, the Petitioner began service of his parole violation term on June 11, 1991. The Petitioner's parole violation term was initially calculated by the D.C. Department of Corrections to include credit for the period of time he was on parole supervision (street time) from April 11, 1987 to May 20, 1991, which resulted in a violator term of 1941 days.  Attached hereto at Attachment 6 is a true and correct copy of the District of Columbia Department of Corrections Face Sheet for the Petitioner dated June 11, 1991.  This document shows that the D.C. Department of Corrections computed the Petitioner's violator term to begin on June 11, 1991, and last for 1941 days, with 17 days of jail credit, for a resulting completion date of September 17, 1996.

12.  Based on the D.C. Court of Appeals decision, <u>U.S. Parole
     Commission v. Noble</u>, 711 A2d 85, all D.C. Code offenders,
     who violate their parole, forfeit all street time.  In other
     words, <u>Noble</u> upheld the principle that a parolee is not
     entitled to credit against his or her sentence for time not
     incarcerated (i.e., "street time") when parole is later
     revoked.  Therefore, the Petitioner's initial parole
     violator term was recalculated by the D.C. Department of
     Corrections since he now owed the entire 3439 days from when
     last released on parole on November 24, 1986.

13.  While in service of this parole violation term, he escaped
     from his place of incarceration on September 25, 1992.  The
     Petitioner remained on escape status until his apprehension
     on January 25, 1997.

14.  During this period of time while on escape, the Petitioner's
     sentence was inoperative, or was not running.  His sentence
     resumed once apprehended.  Attached hereto as Attachment 7
     is a true and correct copy of Bureau of Prisons' Program
     Statement 5880.32, <u>D.C. Sentence Computation Manual</u>, Chapter
     Seven.  Paragraph 7.2, reads:

     "There are no statutory provisions that define or
     discuss inoperative time.  Both the BOP and D.C.
     Department of Corrections (DCDC) rely on 18 U.S.C. 3568

R. 5

as support for holding sentences inoperative if the
prisoner is removed from the custodian's primary
custody for service of the sentence. Since section 3568
provides the statutory authority for commencement of
sentence, then a sentence would stop running if the
prisoner was removed from the primary custody of the
responsible custodian that triggered the commencement
of sentence.  The courts have supported the application
of inoperative time."

Paragraph 7.3, reads, in part, "the sentence is inoperative
beginning the day after escape through the day preceding the
apprehension from escape."

15.  Since the Petitioner's sentence was inoperative for the
period of time on escape, he is not eligible to earn any
good time while on escape.  When the Petitioner was
committed to the BOP, it was discovered that the D.C.
Department of Corrections erroneously included good time for
the period of time that the Petitioner was on escape. The
Petitioner's sentence was recalculated to include only the
amount of good time applicable to the time he was custody.

16.  For escaping from custody, the Petitioner was convicted of
the D.C. Code offense of Prison Breach and he was sentenced
to 6 to 18 months to run consecutive to his current parole

**R. 6**

violation term.  Attached here to as Exhibit 8 is a true and correct copy of the District of Columbia Judgment and Commitment Order for the Petitioner dated February 29, 2000, which indicates the sentence received for the Prison Breach. It should be noted that the 6 to 18 month term falls under the Omnibus Criminal Justice Reform Amendment Act of 1994. D.C. Code sentences that fall under this act are not eligible to earn any good time.

17.  Both the Petitioner's parole violation term (3439 days) and his sentence for Prison Breach (6 to 18 months) were combined together to establish a single term (10 years, 11 months, 1 day).  As noted in paragraph 14, it was discovered upon commitment to the BOP, the Petitioner's term was combined incorrectly by the D.C. Department of Corrections since the period of time while on escape was included in the total term resulting in a term of 15 years, 2 months, 31 days.  By incorporating inoperative time into the total term, the Petitioner would have earned good time for the period of time on escape, i.e., while his sentence was inoperative.

18.  His projected release date from the combined sentence with all current good time is October 11, 2003.  Attached hereto as Attachment 9 is a true and correct copy of Sentence Monitoring Computation Data for the Petitioner printed from the Bureau of Prisons' SENTRY computer system on May 14, 2001.  This document indicates on page 3 that the Petitioner's current completion date is October 11, 2003 via mandatory parole.

19.  Attachment 9 shows how the date October 11, 2003 was determined.  The computation began on June 11, 1991 (the day the parole violator warrant was executed).  The combined sentence is the 3439 days which were remaining on the parole violator term and the 18 months for Prison Breach, which give a tentative full term date of May 11, 2002.  1582 days of inoperative time are added to reflect the 1582 days which the Petitioner was on escape status.  Then 16 days of jail credit which the Petitioner served is subtracted.  That provides a full term date of August 24, 2006.  From that date, good time of 903 days is subtracted, as well as 145

R. 8

days of extra good time.  The resulting release date is
October 11, 2003.

20.  The Petitioner's sentence computation has been updated and
     entered into the Bureau of Prisons' Sentry Database and
     reflects a release date of October 11, 2003.  See Exhibit 9.


     I declare that any and all records attached to this
declaration are true and accurate copies of records maintained in
the ordinary course of business by the Federal Bureau of Prisons.
I further declare that the foregoing is true and correct to the
best of my knowledge and belief, and is given under penalty of
perjury pursuant to 28 U.S.C. §1746.


Executed this 16th day of May, 2001.



_____
MATTHEW ELLIS
Inmate Systems Manager
Federal Bureau of Prisons
Low Security Correctional Institution
White Deer, Pennsylvania 17887

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager


# Attachment 1

MAY-16-2001 WED 11:10 AM                    FAX NO.                        P. 05

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

### JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

*Louis S. Coleman*

Case Number ___F 55-93-80___

PDID Number ___188-476___

WHEREAS the above-named defendant having entered a plea of    ☐ Not Guilty    ☒ Guilty

to the charge(s) of _(B) Assault with Intent To_ _Commit Rape_   0202 _____

_____

and having been found guilty by    ☒ Jury    ☐ the Court

and a pre-sentence investigation and report having been    ☒ prepared and considered    ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

_Count B: Assault with Intent to Commit Rape_ _not less than five (5) and not more than_ _fifteen (15) years,_ _____

_____

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

_November 18 1981_
Date )

_____
Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY:

_November 18 1981_
Date )

_____
Deputy Clerk

Form CD(18-103)(Rev. 8)          White — Court Jacket          Pink — Prosecutor          R. 11

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 2

PB-16
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

**REPAROLE**

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

COLEMAN, James _____ D.C.D.C. _____ 148161 is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on November 17th 24 _____, 1986, and that said person remain under

supervision within the limits of the _____ Wash. METRO AREA _____ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until _____ April 3th _____, 1993 ; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 23th _____ day

of _____ October _____, 1986 .

The above-named was released on

the 24 day of Nov _____, 19 86

_____
Administrator

R. 13

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 3

FORM 19 DCOC 7-70
IDPS 103

TRICT OF COLUMBIA
ARTMENT OF CORRECTIONS
FACE SHEET No. 2

Date
Prepare

12-4-81
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 48161 | COLEMAN, JAMES | | | | | | B | M |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth | |

| | | |
|---|---|---|
| Offense | TOTAL SENTENCE: 5/15 YEARS: LESS 207 DAYS | |
| | AWIC RAPE | |
| Case Number | F5593-80B | · |
| Sentence (Yrs., Mos., Days) | 5/15 YEARS | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 11-18-81 | |
| Full Term Date (Mo., Da., Yr.) | 4-24-96 | |
| Short Term / M.R. Date (Mo., Da., Yr.) | 5-21-91 | |
| Parole Eligibility Date (Mo., Da., Yr.) | 4-24-86 ✓ | |
| Max. Supervision Date (Mo., Da., Yr.) | 10-27-95 | |
| Statutory Good Time Rate / Month | 1800 DAYS | |
| Plea | G | |
| Committing Judge | MOORE | |
| Defense Attorney | | |
| Initialed By: | JWC | |

### DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |

### CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Bala |
|---|---|---|---|---|
| | | | | |
| | | | | |

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| 10-10-80 | 3-18-81 = 160 DAYS |
| 10-2-81 | 11-17-81 = 47 DAYS |
| | TOTAL   207 DAYS |

### REMARKS

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 4

MAY-16-2001 WED 11:12 AM                    FAX NO.                          P. 11

SUPE̲R̲IO̲R̲ COURT OF THE DISTRICT O̲F̲ COLUMBIA

MOD
05
14 8|6|

United States of America
District of Columbia

Case No. _F̲ 4̲3̲1̲-̲9̲1̲ B̲_

vs.

PDID No. _1̲8̲8̲ -̲4̲2̲6̲_

_James S. Coleman_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____

2 so _COUNT B ATTEMPT BURGLARY II_

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

_one (1) year execution of sentence suspended all_
_but one hundred eighty days in jail. After_
_release from jail defendant is placed on one (1)_
_year supervised probation._
_Defendant is to report to probation office after relea_

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☒ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
_Cooperate and receive alcohol treatment_

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☒ _get employment, cooperate with probation office_

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_4|5|91_
Date

_Judge_

Certification by Clerk pursuant to Criminal Rule 32(d).

_4|9|91_
Date

Deputy Clerk

R.

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 5

MAY-16-2001 WED 11:13 AM          FAX NO.                    P. 13

IDP5-270

# Board of Parole
# District of Columbia

## WARRANT

☐ FYCA*
☒ Adult
☐ Both FYCA & Adult

Warrant No. __PD-22915__

To: Any Federal Officer
Any Officer of the D.C. Metropolitan Police Department
Any Officer of the D.C. Department of Corrections
Any Police Officer

FBI No. __109-135-F__
PDID No. __188-426__

WHEREAS _____ Coleman, James S. _____ DCDC No. __148-161__

is under sentence in the District of Columbia for the crime of __Rape; Assault With Intent to Commit__
DCPV
Rape

and was on the __17th 24__ day of __November__ , 19 __86__ released on parole from the _____

__Occoquan III__

AND WHEREAS reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice.

YOU ARE HEREWITH COMMANDED TO TAKE THE SAID PRISONER, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PRISONER TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.

WITNESS my hand and the seal of this Board this __21st__ day of __May__ , 19 __91__

A TRUE COPY
TEST:

Member, D.C. Board of Parole

*For Federal Youth Corrections Act cases only.

R. 19

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 6

MAY-16-2001 WED 11:13 AM     FAX NO.     P. 15

ADP Form 19 DCDC-7-79

## DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared (Mo., Da., Yr.): 6-11-9_

14816

| DCDC Number | Name (Last, First, Middle) | Race | Sex |
|---|---|---|---|
| | Cahimon James | B | M |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | 4-23-46 | |

| Field | Value | | |
|---|---|---|---|
| Offense | DCPV (DCPV Asslt - Rape) (AW ITC Rape) | | |
| Case Number | 420-65 F5593-80B | | |
| Sentence (Yrs., Mos., Days) | Owes 1941 days on 18 mo. | | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 6-11-91 | | |
| Full Term Date (Mo., Da., Yr.) | 9-19-96 | 1-19-2001 ✓ | |
| Short Term / M.R. Date (Mo., Da., Yr.) | 4-26-95 | 8-27-1999 ✓ | |
| Parole Eligibility Date (Mo., Da., Yr.) | PV | | |
| Max. Supervision Date (Mo., Da., Yr.) | N/A | | |
| Statutory Good Time Rate / Month | 51 days | | |
| Plea | | | |
| Committing Judge | | | |
| Defense Attorney | | | |
| Initialed By: | tic/mac | | |

### DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |
| | | |

### CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| 2-11-87 | 2-27-87 = 17 days |
| Street Time | |
| 4-11-87 | 5-20-91 = 1501 days |

### REMARKS

Escape Inspeiation line
9-26-82 RNu 1-36-97 = 153
Open case √ √ 7-30-87
Noble Re calculate

R. 21

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 7



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

| | |
|---|---|
| **OPI:** | CPD |
| **NUMBER:** | 5880.32 |
| **DATE:** | 1/23/2001 |
| **SUBJECT:** | District of Columbia Sentence Computation Manual |

1. **PURPOSE AND SCOPE.** To establish procedures for computing sentences for inmates sentenced under District of Columbia code.

2. **PROGRAM OBJECTIVE.** The expected result of this program is:

Sentences imposed under D. C. Code will be properly calculated and inmates will have accurate release dates.

3. **DIRECTIVES AFFECTED.**

  a. **Directive Rescinded**

   PS 5880.31       D.C. Code Offenders Sentence Calculations (11/8/96)

  b. **Directives Referenced**

   PS 5270.07       Inmate Discipline and Special Housing Units (12/29/87)
   PS 5800.07       Inmate Systems Management Manual (12/24/91)
   PS 5880.28       Sentence Computation Manual-CCCA (2/21/92)
   PS 5880.30       Sentence Computation Manual ("Old Law") (7/16/93)

4. **STANDARDS REFERENCED.**

  a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:   3-4094

  b. American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:   2-CO-1E-05

  c. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:   3-ALDF-1E-03

   d.  American Correctional Association 3rd Edition Standards for
Adult Boot Camp Programs: 1-ABC-1E-09

5.  **MCC/MDC/FDC/FTC PROCEDURES.**  Procedures in this Program
Statement apply to Metropolitan Correctional Centers,
Metropolitan Detention Centers, Federal Detention Centers and
Federal Transportation Centers.


                              /s/
                         Kathleen Hawk Sawyer
                         Director

Case 1:01-cv-00287-WWC    Document 8    Filed 08/17/2001    Page 27 of 36

## CHAPTER 7

### 7. INOPERATIVE TIME

7.1  A sentence which has commenced becomes inoperative (stops running) when a prisoner is removed and is no longer in the physical or constructive custody of the U.S. Attorney General.  A sentence will not become inoperative because of a commitment for examination or treatment under D.C. Code § 24-302 (See Chapter 10, Commitment of Insane Persons and Time Credit).  Inoperative time is always applied to a sentence before jail time credits are applied.

7.2  There are no U.S. Code or D.C. Code statutory provisions that define or discuss inoperative time.  Both the Bureau of Prisons and the DCDC rely on 18 U.S.C. § 3568, **Effective date of sentence** (for offenses committed prior to November 1, 1987) and § 3585(a), **Commencement of sentence** (for offenses committed on or after November 1, 1987) as support for holding sentences inoperative if the prisoner is removed from the custodian's primary custody for service of the sentence.  Since both §§ 3568 and 3585(a) provide the statutory authority for commencement of sentence, then a sentence would stop running if the prisoner was removed from the primary custody of the responsible custodian that triggered the commencement of sentence.  The courts have supported the application of inoperative time.

7.3  **Escape.**  The sentence is inoperative beginning the day after escape through the day preceding the apprehension from escape.  If the prisoner is apprehended for a new D.C. Code offense, the escape sentence will resume on that date and no jail time credit will accrue toward the sentence for the new offense or for the eventual escape sentence.  If apprehended for a non-D.C. Code offense, the sentence from which the escape occurred will not resume unless the non-DCDC place of incarceration is designated as the place to serve the D.C. Code sentence or until the prisoner is turned over for service of the D.C. Code sentence.

7.4  **Voluntary surrender time.**  Voluntary surrender time begins the day after release and continues through the day preceding the day of arrival at the facility at which the sentence is to be served.  The decision to accept a prisoner without proper paperwork, or to accept on a date earlier than the prescribed date, shall be made by the warden, community corrections manager, or his designee.

Once the sentence for an early arrival has commenced, the prisoner does not have the option of being released pending arrival of the originally designated arrival date.

**7.5    Stay of execution of sentence for release pending appeal or to complete business/personal matters.**  A sentence will be stayed for a prisoner who is released on the date of sentence and the sentence will not commence until returned to custody for service of the sentence.  If the release occurs on a date later than the date of sentence, the sentence will become inoperative the day after release and continue through the day preceding resumption of the sentence.

**7.6    Civil contempt order (Title 11, D. C. Code § 11-944, 18 U.S.C. § 401 or 28 U.S.C. § 1826) entered during operation of another sentence.**  A civil contempt order interrupts the service of another sentence beginning the day after the order is entered.  A sentence that has been interrupted as the result of a civil contempt order will resume on the last day that the civil contempt order is in operation.  The time to serve as the result of a civil contempt order receives no form of good time or jail time credits (See Chapter 8, Jail Time Credit, for the effect of a civil contempt order on jail time credit).

**7.7    Imposition of a sentence while in the service of a civil contempt order (Title 11, D. C. Code § 11-944, 18 U.S.C. § 401 or 28 U.S.C. § 1826).**  If the civil contempt order is in effect when a sentence is imposed, commencement of the sentence will be delayed during operation of the civil contempt order unless the court specifies otherwise.  The time to serve as the result of a civil contempt order receives no form of good time or jail time credits.

**7.8    Release by court order.**  A sentence becomes inoperative if a prisoner is released by a court order that appears to be improper or that doesn't correspond to a release method recognized by the BOP.  (The RISA must be consulted when this type of court order is received.)  The sentence will resume running after resolution of the court order and upon return to BOP custody.  The U.S. Attorney in the district from which the court ordered release originated shall be consulted to learn the status

of that release if another U.S. Code or D.C. Code
sentence commences.  The possibility exists that the
court ordered release sentence should not resume if the
prisoner is committed to USM or BOP custody for a reason
unrelated to the court ordered release.

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 8

MAY-16-2001 WED 11:15 AM                    FAX NO.                    P. 23

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.                                        Case No. F-790-97 (B)
                                           PDID No. 188-426

JAMES S. Coleman

**AMENDED** JUDGMENT AND COMMITMENT/~~PROBATION~~ ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of "B"
PRISON BREACH

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to (6) to (18) MONTHS TO RUN CONSECUTIVELY TO ANY SENTENCE IMPOSED IN F5593-80

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____ R. 29

Costs in the aggregate amount of $ 70 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. DUE BY 12/31/97

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_____ Date

_____ Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_2/29/00_
Date

Coleman v. Gerlinski
Civil Action Number 1:CV-01-0267
Middle District of Pennsylvania

Declaration of Matthew Ellis, Inmate Systems Manager

# Attachment 9

```
    ALFD3  540*23  *         SENTENCE MONITORING        *     05-14-2001
    PAGE 001       *         COMPUTATION DATA           *     09:56:39
                                 AS OF 05-14-2001
```

REGNO..: 09229-007 NAME: COLEMAN, JAMES

```
FBI NO...........: 109135F              DATE OF BIRTH: 04-23-1946
ARS1.............: ALF/A-DES
UNIT.............: UNION                QUARTERS.....: U05-221L
DETAINERS........: NO                   NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-11-2003 VIA MAND PAR

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F5593-80B
JUDGE..........................: MOORE
DATE SENTENCED/PROBATION IMPOSED: 11-18-1981
DATE WARRANT ISSUED............: 05-21-1991
DATE WARRANT EXECUTED..........: 06-11-1991
DATE COMMITTED.................: 04-28-2000
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:
```

RESTITUTION...: PROPERTY: NO SERVICES: NO       AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  654
OFF/CHG: DC CODE:  ASSAULT WITH INTENT TO COMMIT RAPE.

```
 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS
 NEW SENTENCE IMPOSED...........: 3439 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 10-10-1980
```

----------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

```
COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F790-97
JUDGE..........................: BAYLY
DATE SENTENCED/PROBATION IMPOSED: 08-13-1997
DATE WARRANT ISSUED............: N/A
DATE WARRANT EXECUTED..........: N/A
```

G0002       MORE PAGES TO FOLLOW . . .

```
ALFD3   540*23  *        SENTENCE MONITORING          *     05-14-2001
PAGE 002        *           COMPUTATION DATA          *     09:56:39
                          AS OF 05-14-2001
```

REGNO..: 09229-007 NAME: COLEMAN, JAMES


```
DATE COMMITTED...................: 04-28-2000
HOW COMMITTED....................: DC SUPERIOR COURT COMT
PROBATION IMPOSED................: NO
SPECIAL PAROLE TERM.............:
```

|  | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $00.00 | $00.00 | $00.00 | $20.00 |

RESTITUTION,..:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  612
OFF/CHG: DC CODE:  PRISON BREACH

```
SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    18 MONTHS
MINIMUM TERM...................:     6 MONTHS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
DATE OF OFFENSE................: 01-25-1997
```

-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-11-2001 AT ALF MANUALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010




G0002       MORE PAGES TO FOLLOW . . .

```
    ALFD3   540*23 *        SENTENCE MONITORING        *      05-14-2001
    PAGE 003 OF 003 *        COMPUTATION DATA          *      09:56:39
                              AS OF 05-14-2001

    REGNO..: 09229-007 NAME: COLEMAN, JAMES


    DATE COMPUTATION BEGAN..........: 06-11-1991
    COMBINED SENTENCE PROCEDURE.....: DC OLD/OMNIBUS ADULT COMBINED SENTENCE
    CONTROLLING SENTENCE............: DC GTCA/OMNIBUS
    TOTAL TERM IN EFFECT............:   18 MONTHS   3439 DAYS
    TOTAL TERM IN EFFECT CONVERTED..:   10 YEARS     11 MONTHS      1 DAYS
    AGGREGATED MINIMUM TERM.........:    6 MONTHS

    JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                        02-12-1987     02-27-1987

    INOPERATIVE TIME................:   FROM DATE      THRU DATE
    REASON..................: ESCAPE    09-26-1992     01-24-1997

    TOTAL JAIL CREDIT TIME..........: 16
    TOTAL INOPERATIVE TIME..........: 1582
    STATUTORY GOOD TIME RATE........: 8
    TOTAL SGT POSSIBLE..............: 903
    PAROLE ELIGIBILITY..............: 10-09-2002
    STATUTORY RELEASE DATE..........: 03-04-2004
    TWO THIRDS DATE.................: N/A
    180 DAY DATE....................: N/A
    EXPIRATION FULL TERM DATE.......: 08-24-2006

    NEXT PAROLE HEARING DATE........: 05-01-2001
    TYPE OF HEARING.................: INITIAL

    PROJECTED SATISFACTION DATE.....: 10-11-2003
    PROJECTED SATISFACTION METHOD...: MAND PAR

    REMARKS.......: SGT/EGT APPLICABLE TO ONLY PRE-OMNIBUS PV PORTION OF AGGREGATE




    G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN,            :
         Petitioner        :
                               :
         v.                  :   Civil No. 1:CV-01-0267
                               :   (Caldwell, J.)
SUSAN GERLINSKI, Warden,   :   (Mannion, M.J.)
         Respondent      :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 17, 2001, she served a copy of the attached

**RESPONDENT'S RECORD TO
RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

James S. Coleman
Reg. No. 09229-007
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

SHELLEY L. GRANT
Paralegal Specialist