ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN, PETITIONER : CIVIL ACTION 1:01-0267

V. : (CALDWELL, J)

SUSAN GERLINSKI RESPONDENT : ( MANNION, M. J)

FILED
JUN 04 2001
PER
HARRISBURG, PA. DEPUTY CLERK

**RESPONSE TO RESPONDENT SHOW CAUSE MOTION**

Petitioner had always been under the jurisdiction of the **DISTRICT OF COLUMBIA** penal and parole authority.

On April 28, 2000, petitioner was transferred to the custody of the Bureau of Prisons, in compliance with the Revitilization and Self Goverment Act of 1997. The Act gave the BOP authority in D.C. Code 24-1201. They abuse its' discretion when they recomputed petitioners' sentence, contrary to the plain language in D.C. Code 24-1201(b).

Petitioner was sentenced in 1981 and 1997. The **D.C. DEPARTMENT OF CORRECTIONS,** aggregated those sentences in 1997 (Ex. B. in petition) which gave him a short term and fullterm dates. The D.C. and U.S. Parole authorities made decisions on those dates which were legal accordingly to the wardens in the District of Columbia Prison systems (see attach Memos from Ms.Jackson and Poteat on computation).

The Respondent continue to mislead and they have little comprehension of how D.C. Code offender are to be treated accordingly to the "Revitilization Act".

Petitioner pray that this honorable court grant his petition.

RESPECTFULLY SUBMITTED

JAMES S. COLEMAN, PRO SE

MAY 29, 2000

DEPARTMENT OF CORRECTIONS
MAXIMUM SECURITY FACILITY
Lorton, Virginia 22199

MEMORANDUM

TO: James Coleman
DCDC 148161
CB 7

FROM: Adrienne R. Poteat
Warden

DATE: February 14, 2000

SUBJECT: Sentence Computation

This is in response to your memo dated February 9, 2000 concerning your sentence computation.

According to the Record Office Supervisor, your computation is legal. Your sentence computation was based upon D.C. Code 22-2601(b), "said sentence to begin, if the person is an escaped prisoner, upon the expiration of the original sentence." In other words it must be consecutive to the offense from which you escaped. The only way it could run concurrent is if you are not charged with escape and released, returned to custody on a new charge and then charged with prison breach. Prison breach has no statue of limitations. The Judge could then legally run your prison breach concurrent to the new charge, because you did not escape on the new charge.

As of this date the Record Office Supervisor has contacted the Felony Branch to have your Judgement and Commitment Order amended to reflect the correct terminology.

IDPS - 44

District of Columbia
Department of Corrections
IGP Form 1 (Rev. 10/92)

Third Copy: Return to Resident

Type or use ball-point pen.

Attach additional sheets, if necessary.

From: Coleman (LAST NAME,) James (FIRST NAME,) Samuel (MI.) 148-161 (DCDC NO.) 14 (CELL/BLOCK) Occ (INSTITUTION)

Part A - INMATE COMPLAINT: Ms. Jackson , This is anccomplaint against the record office. They refuse to follow the Judgement and Commitment Order whichiis attach to this complaint.

The Judge was aware of how he sentence me and sowwas the U.S.Asst Attorney. Please tell me what gives the DCDC Record office the to commutate my sentence any other way than how the court sentence me.

Remedy Sought:

Follow the Judgment and Commitment Order!

3-2-98
DATE

SIGNATURE OF RESIDENT

Part B - RESPONSE BY INSTITUTION ADMINISTRATOR:

SEE ATTACHED RESPONSE

3/ /98
DATE

IGP NO.

SIGNATURE OF ADMINISTRATOR

See back for: 1. Appeal Procedure. 2. Institutions of filing emergency grievance of sensitive nature.

Part C - RECEIPT

Return to: Coleman (LAST NAME,) James (FIRST NAME,) (MI.) 148-161 (DCDC NO.) 14 Dorm (CELL/BLOCK NO.) Occ. (INSTITUTION)

Subject: Sentence Computation

3-2-98
DATE

SIGNATURE OF RECIPIENT (STAFF MEMBER)

United States of America
District of Columbia

Case No. F790-97C
PDID No. 188-426

vs.

JAMES S. COLEMAN

# JUDGMENT AND COMMITMENT/~~PROBATION~~ ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of 'B' PRISON BREACH

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to (6) TO (18) MONTHS CONCURRENT TO ANY OTHER SENTENCE IMPOSED.

☐ MANDATORY MINIMUM term of ____________ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

- ☐ Observe the general conditions of probation listed on the back of this order.
- ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.
- ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: ____________
- ☐ Restitution of $________ in monthly installments of $________ beginning ________ (see reverse side for payment instructions). The Court will distribute monies to ____________
- ☐ ____________

Costs in the aggregate amount of $ 20.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. Due By [illegible] 97

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized officials and that the copy shall serve as the commitment/order for the defendant.

8-13-97
Date

[signature]
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

8-13-97
Date

MWC
Deputy Clerk

PSI WAIVED

Form CD(18)-1040/Aug. 87



OCCOQUAN FACILITY
Box 85
Lorton, Virginia 22199

March 6, 1998

MEMORANDUM

TO : James Coleman
DCDC 148161
14 Dormitory

FROM : Patricia Britton-Jackson
Warden

SUBJECT: Inmate Grievance Response

This responds to your Inmate Grievance submitted by you on March 2, 1998, and received in my Office on March 3, 1998.

The Judge sentenced you illegally. Prison Breach must run consecutively by law to your previous imposed sentence. Your commitment order has been amended to read consecutively.

PBJ/sd

IDPS-671

Washington, D.C. 20032

Office of the Administrator

BOARD OF PAROLE

92 OCT 22 PM 4:28

OCT 22, 1992
(Date)

Escape 9-25-92

MEMORANDUM

TO : The Record

FROM : John W. Noble
Acting Administrator for
Community/Release Programs

SUBJECT : Case Disposition in Abstensia

RE : COLEMAN, JAMES
DCDC# 148161

COLEMAN, JAMES escaped from CCC#3 on SEPT 25, 1992. The attached Final Progress Report will explain the apparent ramifications surrounding his escape and the status of his activities while at CCC#3.

As of this writing, Resident COLEMAN, JAMES is still at large; as a result of Community Correctional Centers' three-day escape policy (a resident who escapes and remains at large beyond three days will not be afforded a Review Hearing), Resident COLEMAN, JAMES will not be heard by CCCs Review Committee upon his apprehension or voluntary return to custody.

Submitted for the record.

Attachment:

cc: EDWARD PAYLOR, CCC CCC#3
Record Office

DPS-1303




D.C. DEPARTMENT OF CORRECTIONS
COMMUNITY / RELEASE PROGRAM—CCC#3
1430 G ST. N.E.
WASHINGTON, D.C. 20002

**September 28, 1992**

**MEMORANDUM**

TO : John W. Noble
Acting Administrator
for Community/Release Programs

FROM : James F. Murphy, Sr.
Correctional Program Administrator
for CCC # 3

SUBJECT : **FINAL PROGRESS REPORT (THIRD POSITIVE URINALYSIS/ESCAPE)**

REFERENCE: **COLEMAN, JAMES**
DCDC: 148-161
OFFENSE: DCPV
SENTENCE: Owes 1,941 days on 18 years
SENTENCED: 6-11-92
FULL TERM: 9-17-96
SHORT TERM: 4-26-95
PAROLE ELIG.: 8-12-92

**INTRODUCTION**

Resident James Coleman, DCDC 148-161, is a forty-six (46) year old African American male offender. He was transferred to Community Correctional Center No. 3 on March 16, 1992 from the Medium Security Facility as a result of his being recommended for work release participation by the Institutional Classification Committee. On May 12, 1992 Resident Coleman appeared before the D.C. Board of Parole and was issued a ninety (90) day Continuance; pending completion and submittal of current Psychological Evaluation which was completed and fowarded to the Parole Board on September 14, 1992.

**PROGRAM ADJUSTMENT**

Upon Resident Coleman's arrival at CCC # 3 he was thoroughly orientated to the rules and regulations which govern the operations of this Center and his behavior during his stay here. He was supplied a copy of these rules and regulations which he signed acknowledging his understanding, acceptance and expected compliance. He was given another copy for future reference.

will be affected by Noble IV. Indeed, the D.C. Court of Appeals flagged the question of "whether there should be any limitation on the class of prisoners the ruling should reach." Id., at 1104. As a matter of logic it is clear that those who are under federal supervision, as Noble was, had no reasonable expectations that they would be granted credit for street time and therefore are bound by Noble IV.

As to those who were under District supervision the issue is not so clear. It would seem that those inmates had the right to rely on the District's practice of granting credit for street time as pronounced in 28 D.C.M.R. § 601.7. There is nobody before the Court who has standing to litigate this issue. This is not a class action and the Court can rule only on issues that affect the parties before it. However, since the broader issue was fully briefed and argued, to assist the parties the Court did make clear at the December 9, 1998 hearing that in its opinion the District should not apply Noble IV retroactively to those who were under D.C. supervision from 1987 to April 23, 1998.[3] That group clearly has the right to rely on the District of Columbia's prior interpretation of its own laws. To prevent this Court from being swamped with petitions from those who fall in this group, the Court urges counsel for the District of Columbia to issue a release indicating that it would honor its past interpretation for the 1987 to April 23, 1998 period.

---

[3]In May 1998 the District of Columbia Department of Corrections issued a "Notice To All Inmate [sic]," stating, in part, that "[t]he Noble decision means that the Bureau of Prisons and the D.C. Department of Corrections are obligated to correct their erroneous sentence calculations by withdrawing credit for all times [sic] spent on parole. In the cases [sic] of any such inmate currently serving a sentence that includes an unexpired D.C. Code parole violation term, this recalculation will have the effect of establishing new full term and mandatory release dates for these inmates." See Ex. 1 to Respondent's Brief on Remand.



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

A10OC CA...

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, DC 20001*

AUSA Lisa A. Hertzer
514-8750

FELONY DISCOVERY

Date: March 25, 1997

Defendant: JAMES S. COLEMAN

Case: F-790-97

Charges: Prison Breach

Defense Counsel:

---

PLEA OFFER: If the defendant pleads guilty to PRISON BREACH, the government will **reserve** stepback, **waive** any applicable enhancement papers, and **reserve** allocution. This offer expires on the date of the status hearing, or upon rearrest, whichever occurs sooner. If you believe there are special circumstances that should be discussed prior to the expiration of this plea offer, you may contact the Assistant U.S. Attorney at the above-listed number.

STATEMENTS: None of which the government is presently aware.

PRIOR CONVICTIONS: Housebreaking (1962, District of Columbia); Attempt Burglary (1991, District of Columbia); Assault With Intent to Rape (1981, District of Columbia); Rape and Assault (1965, District of Columbia)

PENDING CASES: None of which the government is aware.

PHYSICAL EVIDENCE: The following documentary evidence is attached:

1) D.C. Dept. of Corrections' Escape Report
2) Affidavit in Support of Arrest Warrant
3) Photocopy of Certified Copy of Conviction
4) United States Marshals Service Report of Investigation
5) D.C. Dept. of Corrections' Face Sheets #2
6) D.C. Dept. of Corrections' Mayor's Command Center Special Incident Report
7) D.C. MPD Wales Wanted Notice