UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN,  : CIVIL ACTION NO. 1:01-0267

    Petitioner  : (CALDWELL, J.)

    v.  : (MANNION, M.J.)

SUSAN GERLINSKI,  :

    Respondent  :

FILED
SCRANTON
OCT 1 1 2001
PER_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

Before the court is a motion filed by the petitioner for the appointment of counsel. (Doc. No. 10).

In Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975), the court held that a federal court is authorized to request, in its discretion, an attorney to represent any person unable to employ counsel. However, in Mallard v. U.S. District Court, 490 U.S. 296 (1989), the court held that 28 U.S.C. § 1915(d) does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.

Moreover, the petitioner has no constitutional or statutory right to appointment of counsel in a civil case. While the court does not have the power to appoint counsel under 28 U.S.C. § 1915(d), see Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981), the Third Circuit has stated that appointment of counsel should be made

> only. . .upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting. . .from (a) probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d. Cir. 1984).

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit did not set aside its holding in Smith-Bey. Rather, the court elaborated by setting forth a number of factors the court should consider when deciding whether to appoint counsel under 28 U.S.C. § 1915(d). The court in Tabron discussed the following factors: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. Tabron, supra, at 155-156.

The plaintiff's complaint indicates that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney. A review of the record of this case suggests that petitioner can, given the leeway afforded to pro se litigants, adequately present his case and follow the applicable Rules. The petitioner is literate and is able to communicate his thoughts to the court. His filings this far have been understood, and they indicate that petitioner is capable of pursuing his complaint without the benefit of appointed counsel. The issues raised by petitioner do not appear to be complex.

Thus, for the foregoing reasons, the petitioner's request for court-appointed counsel will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT**

the petitioner's motion for appointment of counsel (Doc. No. 10) is **DENIED**.

MALACHY E. MANNION
United States Magistrate Judge

Dated:   October 10, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

October 11, 2001

Re:  1:01-cv-00267     Coleman v. Gerlinski

True and correct copies of the attached were mailed by the clerk to the following:

```
James S. Coleman
LSCI-ALLENWOOD
Low Security Correctional Inst.
09229-007
P.O. Box 1000
White Deer, PA   17887

Kate L. Mershimer, Esq.
U.S. Attorneys Office
Room 217, Federal Bldg.
228 Walnut St.
Harrisburg, Pa   17108
```

```
cc:
Judge                              (  )            (  ) Pro Se Law Clerk
Magistrate Judge                   (  )            (  ) INS
U.S. Marshal                       (  )            (  ) Jury Clerk
Probation                          (  )
U.S. Attorney                      (  )
Atty. for Deft.                    (  )
Defendant                          (  )
Warden                             (  )
Bureau of Prisons                  (  )
Ct Reporter                        (  )
Ctroom Deputy                      (  )
Orig-Security                      (  )
Federal Public Defender            (  )
Summons Issued                     (  )  with N/C attached to complt. and served by:
                                         U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5                (  )
Order to Show Cause                (  )  with Petition attached & mailed certified mail
                                         to:  US Atty Gen    (  )   PA Atty Gen (  )
                                              DA of County   (  )   Respondents (  )
Bankruptcy Court                   (  )
Other_____ (  )
                                                      MARY E. D'ANDREA, Clerk
```

10/11/01