13
12/27/0

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN,                          :

          Petitioner          :          CIVIL ACTION NO. 1:01-0267

    v.                               :          (CALDWELL, J.)
                                (MANNION, M.J.)

SUSAN GERLINSKI,                           :

          Respondent          :

FILED
WILKES BARRE
DEC 2 7 2001
MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

## N O T I C E

TO:    James S. Coleman, Reg. No. 09229-007
         L.S.I.C.- ALLENWOOD
         P.O. Box 1000
         White Deer, PA       17887-1000

         Kate L. Mershimer, Asst. United States Attorney
         UNITED STATES ATTORNEY'S OFFICE
         228 Walnut Street
         P.O. Box 11754
         Harrisburg, PA    17108-1754

     **NOTICE IS HEREBY GIVEN** that the undersigned has entered
the following:       **Report and Recommendation of Magistrate
                  Judge Mannion dated 12/27/01.**

Any party may obtain a review of the magistrate judge's above
proposed determination pursuant to Rule **72.3**, M.D.PA, which
provides: **72.3 REVIEW OF REPORTS AND
                RECOMMENDATIONS OF MAGISTRATE
                JUDGES ADDRESSING CASE DISPOSITIVE
                MOTIONS**

     Any party may object to a magistrate judge's proposed
findings, recommendations or report addressing a motion or matter
described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation
for the disposition of a prisoner case or a habeas corpus

petition within ten (10) days after being served with a copy
thereof.    Such party shall file with the clerk of court, and
serve on the magistrate judge and all parties, written objections
which shall specifically identify the portions of the proposed
findings, recommendations or report to which objection is made
and the basis for such objections.    The briefing requirements
set forth in Local  Rule 72.2 shall apply.    A judge shall made
a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part,
the findings or recommendations made by the magistrate judge.
The judge, however, need conduct a new hearing only in his or her
discretion or where required by law, and may consider the record
developed before the magistrate judge, making his or her own
determination on the basis of that record.    The judge may also
receive further evidence, recall witnesses or recommit the matter
to the magistrate judge with instructions.


MALACHY E. MANNION
United States Magistrate Judge


Dated:    December 27, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN,                              :
                                               :
    Petitioner                                 :        CIVIL ACTION NO.  1:CV-01-0267
                                               :
                                               :        (CALDWELL, J.)
    v.                                         :        (MANNION, M.J.)
                                               :
SUSAN GERLINSKI, Warden,                       :
                                               :
    Respondent                                 :

FILED
WILKES BARRE
DEC 2 7 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## REPORT AND RECOMMENDATION

James S. Coleman, an inmate confined at the United States Correctional Institution a

Allenwood (Allenwood), file a Petition for a writ of habeas corpus on February 9, 2001, challenging

the Federal Bureau of Prison's (BOP) computation of his sentence. (Doc. 1). On April 27, 2001, the

Respondent was ordered to show cause why the Petition should not be granted. (Doc. 6).  A

response was filed on May 17, 2001. (Doc. 7).  Petitioner filed a reply to the response on June 4

2001. (Doc. 9).  The Petition is ripe for disposition.

### I. Background

On November 18, 1981, the Petitioner was convicted of the crime of Assault with the

Intent to Commit Rape in the Superior Court of the District of Columbia. (Doc. 1, p.4; Doc. 8, p.

11). He was sentenced to a term on imprisonment not less than 5 years and not more than 15 years

(Doc. Doc. 1, p.4; 8, p. 11).  The Petitioner was paroled by the District of Columbia Board of Parole

by Order dated October 23, 1986, and released on November 24, 1986. (Doc. 8, p. 13).  While on

parole, the Petitioner committed the offense of Attempted Burglary and was convicted of the same

by the Superior Court of the District of Columbia and sentenced to one year extension of sentence

all but 180 days to be served in jail. (Doc. 8, p. 17).  Upon release from prison, the Petitioner wa

placed in a halfway house in March of 1992 and escaped in September of 1992. (Doc. 1, p.4; Do

8, p. 21).  The Petitioner remained in escaped status until he was apprehended in 1997. (Doc.

p. 5). The Petitioner pled guilty to the District of Columbia offence of Prison Breach and was give

a sentence of 6 to 18 months to run consecutive with his prior sentence. (Doc. 1, p. 5).   On Apr

28, 2000, the Petitioner was committed to the custody of the Federal Bureau of Prisons (BOP) a

a D.C. offender.  According to the BOP's computation of the Petitioner's sentence, he is due to b

released on October 11, 2003.[1] (Doc. 8, p. 9).  According to the Petitioner, his sentence has alread

expired and he is being illegally detained.

## II. Analysis

The record contains the Declaration of Matthew Ellis, Inmate Systems Manager at the Lo

Security  Correctional  Institution  in  Allenwood,  Pennsylvania,  where  the  Petitioner  is  current

confined.  (Doc.  8, p.1).  Mr. Ellis'  Declaration  sets  forth  the  Respondent's  position  as  to  th

Petitioner's sentence computation.  The computation begins with the recognition that the Petitione

was sentenced to 5 to 15 years on November 18, 1981, for the crime of Assault with Intent t

Commit Rape by the Superior Court of the District of Columbia. (Doc. 8, p. 2).  He was then parole

on November 24, 1986, his full term date was April 24, 1996.  (Doc. 8, p.3).  While on parole i

---

[1]The District of Columbia Parole Board was abolished on August 5, 2000.  *See* D.C.
Code §24-1231(b).  D.C. Code §24-1231(a) states: "Not later than one year after August 5,
1997, the United States Parole Commission shall assume the jurisdiction and authority of the
Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions
upon an order of parole, in the case of any imprisoned felon who is eligible for parole or
reparole under the District of Columbia Code."

2

conjunction with the Attempted Rape conviction, the Petitioner was arrested for and later convicted of Attempted Burglary, for which he was sentenced to 180 days in prison. (Doc. 8, p. 3). After his completion of the 180 days of jail time, the a parole violation warrant was executed as a result of his violating the terms of his parole on the Attempted Rape conviction. (Doc. 8, p. 4; Doc. 8. Exhibit 5). On June 11, 1991, the Plaintiff began to serve his parole violation term in the custody of the District of Columbia Department of Correction. That term was set by the D.C. Department of Corrections to expire on September 17, 1996. (Doc. 8, p. 4). Included in the calculation of the Petitioner's parole violation term was credit for the time that he spent on parole supervision ("street time") from 1987 to 1991. (Doc. 8, p. 4). Subsequently, the case of *U.S. Parole Commissioner v. Nobel*, 711 A. 2d 85 (D.C. 1998), was decided which disallowed credit against a sentence for time spent on parole supervision ("street time") when parole is latter revoked.   Accordingly, since the Petitioner's parole on his Attempted Rape commitment was revoked, he lost credit against his sentence for the time that he spent on parole supervision during 1987 through 1991.

As the Petitioner admits in his petition, he then escaped on September 25, 1992, and was not apprehended until January 25, 1997.  Upon apprehension, his parole violation term of the Attempted Rape conviction resumed. (Doc. 8, p. 5).  Additionally, he was convected of the D.C. offence of Prison Breach and was sentenced to 6 to 18 months to run consecutively with his previous sentence. (Doc. 8, p. 6).    Aggregating the time remaining on the Attempted Rape conviction and the sentence for the Prison Breach, and subtracting jail credit and good time, the BOP arrived at a release date of October 11, 2003.

3

The Petitioner argues that the Respondent's calculation is erroneous and that he should have already have been released. The Petitioner bases his assertion on a memorandum that he received from the District of Columbia Department of Corrections dated January 18, 2000, which states that his mandatory release date was August 28, 2001. The Respondent contends that this calculation was in error and did not properly reflect the time that the Petitioner was on escaped status.

The Petitioner's first sentence in 1981 for the Assault with Intent to Commit Rape was for a period of 5 to 15 years, or 5,475 days. (Doc. 8. Attachment 1). When he was paroled in November of 1986, subtracting his good time and jail time credit, 3,439 days remained on his sentence. The Petitioner then stayed on parole supervision until he was convicted of Attempted Burglary on April 8, 1991. Under the *Nobel* decision *supra*, the time that the Petitioner spent on parole supervision was not credited against his original sentence as a result of his parole violation. Accordingly, when he began to serve his parole violation term on June 11, 1991, he owed the entire 3,439 days of his original sentence. Added to that was the 18 months imposed as a result of his conviction for Prison Breach. Further extending his release date is the over four year period that the Petitioner was on escaped status.

As the Respondent correctly argues, accepting the Petitioner's calculations would lead to the absurd result that time spent as a fugitive while in escape status from custody would result in creditable time towards his sentence. The Bureau of Prison's Program Statement 5880.32 provides that a sentence is inoperative if the prisoner is removed from the custodian's primary custody. BOP Program Statement 5880.32, ¶7.3. (Doc. 8, p. 25). Indeed, in Rogers v. Barry, 107 F.3d 923, 1997

4

WL 71766 (D.C. Cir. 1997)(unpublished disposition), the Court held that a D.C. inmate is no

entitled to good time credit while on escape status and his existing sentence could be extended by

the amount of time that he spent on escape status.    The Petitioner's argument that the BOP'

extension of his release date violates the ex post facto clause is incorrect.  The BOP did not increase

the Petitioner's sentence, but merely adjusted it to reflect the time he spent as a fugitive and the los

of credit for time spent on parole supervision pursuant to *Nobel, supra*.    The petition therefore

should be denied.


**III. Recommendation**

        Based on the foregoing, it is  recommended that the Petition for a writ of habeas corpus

(Doc. 1) be denied.


                                        MALACHY E. MANNION
                                        United States Magistrate Judge


Dated:    December 27,  2001