UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN,
   PETITIONER

V.

SUSAN GERLINSKI,
   RESPONDENT

CIVIL ACTION NO. 1: 01-0267

( CALDWELL, J.)
( MANNION, M.J.)

FILED SCRANTON JAN 1 1 2002

OBJECTION TO MAGISTRATE JUDGE'S PROPOSED REPORT AND RECOMMMENDATIONS

   The Bureau of Prisons (BOP) are in violation of the provisions of the Revlization and Self Goverment Act of 1997 and the federal constitution, 5th, 8th and 14th amendments by recomputating petitioner parole and violators' time and Prison Breach time illegally. Petitioner saw the U.S. Parole Comm. on the above sentences in 1999 and a decision was made on the aggregated sentences with conditions imposed on 1-03- 2000 ( see Doc. 1 Exhibit E ). The BOP interrupted **"the orderly administration of justice and fairness"** by its recomputation of a sent4nce that had been adudcated by the parole authorities prior to petitioner's transfer to federal custody ( see § 24-1201 (b) D.C. CODE). They are precluded from recomputating petitioners' sentence by statues of the District of Columbia §24 -1231 and 24 - 1201 along with the basic doctrine and rule of res judicata which operate to bar repetitious action against petitioner, when his computation had been adjudged in 1997 by the D.C. Parole Board, and in 1999 by the U.S. Parole Board **( see Petition Doc. Ex. C&E). Why didn't the Magistrate Judge address those issues which was raised in the petition?** There was no need for the BOP to adjust petitioners' mandatory release date **"" because they are under the illusion that petitioner received good time credit while in escape status"" petitioner was accredited good time for time he was on parole from 1987 to 1991 not for being on escape.** The Department of Correction face sheets submitted to the court should indicate that fact. Petitioner, asserts that the magistrate judge misread the documents if he feels that good time was given to petitioner while in escape status, he is wrong. The DCDC FACE SHEETS shows clearly the way how petitioners inoperative time was calulated **(see petition ex. a,b&d). The Noble decision affected petitioner sentence in 1998 when the street time was place on to petitioner sentence, after he had been in custody for some time.**

(2)

## COLEMAN V. GERLINSKI CA NO. 1: 01-0267

**Petitioners' Ojections to Magistrate Judge's Report & Recommendations** ( I. Background, II. Analysis, and III. Recommendation)

That is, the parole violation time was added to the time that petitioner had to do when he was violated in 1991 ( See, **Face Sheet D.C. Department of Corrections dated 9-8-98 in petition Ex. D**).

## Credits During Incarceration AND The Relevant Statues

" Effective June 22, 1994, Institutional Good Time (IGT) was abolished, with the repeal of the good time credit act (GTCA : D.C.Code § 22-428). The repeal applies prospectively only; defendants with <u>offense</u> dates prior to June 22, 1994, must receive institutional Good Time under the system described below( **Retroactive application would violate the Ex Post Facto Clause. Weaver v. Graham, 450 U.S. 24 (1981)(statute modifying formula for awarding "gain time").**" The above appraoch should have lead the BOP and the magistrate judge in developing their decisions however my ojections are founded upon the above common law on those issues(see **LUCK V. D.C., 617 A.2d 509 (1992,D.C.).** Petitioner was charged with Prison Breach on 9-25-92, therefore, the matter of whether or not petitioner will receive good time for the prison breach charge have not been address in the magistrate judge's report and recommendation. Why? Petitioner asserts that he should be given good time for the prison breach charge. Furthermore, on the plead agreement accepted by petitioner indicate that know enhancement would occur ( See **U.S. Attorney plead OFFER Document attach**). (Also see, attach Doc. **AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT as to date of offense**).

Moreover, the plea offer waived any applicable enhancement papers (see **Doc. plea offer**). Therefore, D.C. Code 431(a) was applicable to petitioner as computed by the D.C. Department of Corrections In 1998(see **Face Sheet Dated 9-8-98 in petition**).

(3)

COLEMAN V. GERLINSKI CA NO. 1: 01-267

Petitioners' Objections to Magistrate Judge's Report and recommedation (I. Background, II. Analysis, and III. Recommendation ).

Petitioner objection (to magistrate judge's analysis as to what credits were lost. petitioner did lose street time credits however, the D.C. Department of Corrections gave good time credits on the full aggregation of sentence when they added that time to petitioner sentence see face sheet dated 9-8-98 attach) are founded on the principle of procedual due process, the BOP cannot take statutory "good time credits onces they are vested. When petitioner was transfer to the custody of the BOP he had a date of August 16,2001 with 1830 days of statutory good time which establish the above "mandatory release date however, the BOP took 900 good time days to establish their date of 1-27- 2004. Petitioner, submits that,that is an erroneous calculation on the part of the BOP. "In May 1998 the Ditrict Of Columbia Department of Corrections issued a "Notice To All Inmate [sic]" stating, in part, that "[t]he Noble decision means that the Bureau of Prisons and the D.C. Department of Corrections are obligated to correct their erroneous sentence calculations by withdrawing credits for all time [ic] spent on parole. In the cases [sic] of any such inmate currently serving a sentence that includes an unexpired D.C. Code parole violation term this recalulation will have the effect of establishing new full term and mandatory release dates for these inmates." See Judge Stanley Sporkin,U.S. District Judge, Memorandum Opinion And Order. Petitioner was in D.C. D.C. custody at that time and was subject to the above calculation(see all of the D.C.D.C. face sheets submitted).

GROUND TWO (b) for some reason was never address by the magistrate judge. The BOP exceeded it's authority when they refused to enforced the Notice of Action order by the United States Parole Commission( see U.S. Parole Comm. Notice of Action dated Jan.3. 2000,also see petition B. Ground Two ).

The United States Court of Appeals, third circuit has conclued that, Bureau of Prisons' program statements are entitled to considerbly less deference than publish regulations because program statements are merely internal agency guidelines that may be altered Bureau at will( stiver v. Meko, 130 F.3d 575 key no prisons 4(2.1).  Moreover, the date of this program statement was 1-23-01, petitioner had been in the DCDC custody 1997 and his computation had changed

(4)

## OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

### (I. BACKGROUND, II. ANALYSIS, AND III. RECOMMENDATION)

three times before entering the custody of the BOP because the prison breach, the Noble decision and because of the inoperative time( escape time). The Magistrate Judge showed an outrigth bias towards petitioner when he agreed with the respondent assertion that petitioner is receiving good time while in escape status whereas the DCDC showed clearly how his time was computed( see face sheets from DCDC).The BOP violated the 5th,8th and 14th constitutional amendments by prolonging a mandatory release date that had been recomputed by a lawful custodian prior to his commitment to their custody because a Act of Congress occurred( see The Transfer of Prison System to Federal Authority D.C. Code §1201).

### CONCLUSION

> In Wolff v. McDonnell, supra, the Supreme Court held that state prisoners have a liberty interest in accumulated good time credits, and that these credits may not be revoked by the state for serious misconduct without according to the prisoner certain minimum procedural requirement of due process of law.418 U.S. at 558,94 S.ct. 2963.

The BOP did not afford petitioner any forum of consideration concerning the 900 days that they subtracted from his statutory good time credits which were accredited to reduce his sentences. Futhermore,the Prison Breach sentence which is subject to receiving good time credit yet the BOP and the magistrate judge appear to think that a sentence which petitioner was charge with in 1992 cannot receive good time credit because of the D.C. Ombius Crime Bill of 1994. Petitioner asserts that for the above objections the petition for habeas corpus should be granted forthwith and petitioner should be order release .

Jan. 5, 2002

SINCERELY, SUBMITTED

*[signature]*
James S. Coleman



U.S. Department of Justice

United States Attorney

*District of Columbia*

BICCU CH

Judiciary Center
555 Fourth St. N.W.
Washington, DC  20001

AUSA Lisa A. Hertzer
514-8750

## FELONY DISCOVERY

Date:  March 25, 1997

Defendant:  JAMES S. COLEMAN

Case:  F-790-97

Charges:  Prison Breach

Defense Counsel:

---

PLEA OFFER:  If the defendant pleads guilty to PRISON BREACH, the government will **reserve** stepback, **waive** any applicable enhancement papers, and **reserve** allocution. This offer expires on the date of the status hearing, or upon rearrest, whichever occurs sooner. If you believe there are special circumstances that should be discussed prior to the expiration of this plea offer, you may contact the Assistant U.S. Attorney at the above-listed number.

STATEMENTS:  None of which the government is presently aware.

PRIOR CONVICTIONS:  Housebreaking (1962, District of Columbia); Attempt Burglary (1991, District of Columbia); Assault With Intent to Rape (1981, District of Columbia); Rape and Assault (1965, District of Columbia)

PENDING CASES:  None of which the government is aware.

PHYSICAL EVIDENCE:  The following documentary evidence is attached:

1) D.C. Dept. of Corrections' Escape Report
2) Affidavit in Support of Arrest Warrant
3) Photocopy of Certified Copy of Conviction
4) United States Marshals Service Report of Investigation
5) D.C. Dept. of Corrections' Face Sheets #2
6) D.C. Dept. of Corrections' Mayor's Command Center Special Incident Report
7) D.C. MPD Wales Wanted Notice

ADP Form 19 DCDC-7-70

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

Exhibit B

Date Prepared: 8/19/97 (Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | Race | Sex |
|---|---|---|---|
| 148161 | COLEMAN, JAMES | BLACK | MALE |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| 6'0" | 200LBS | MEDIUM | BROWN | BLACK | 51 | 4/23/46 | WASHINGTON, D.C. |

**TOTAL SENTENCE: 6 MONTHS / 5 YEARS 21 MONTHS 22 DAYS**

| | | | |
|---|---|---|---|
| Offense | PAROLE VIOLATOR | PRISON BREACH | |
| Case Number | 470-65<br>F-5593-80(B) | F-790-97(B) | |
| Sentence (Yrs., Mos., Days) | OWES 1941 ON 18 YEARS | 6/18 MONTHS | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 6/11/91 | 8/13/97 | |
| Full Term Date (Mo., Da., Yr.) | | 8/2/2002 | |
| Short Term / M.R. Date (Mo., Da., Yr.) | | 10/19/2000 | |
| Parole Eligibility Date (Mo., Da., Yr.) | | 2/12/98 | |
| Max. Supervision Date (Mo., Da., Yr.) | | N/A | |
| Statutory Good Time Rate / Month | | 653 DAYS | |
| Plea | | GUILTY | |
| Committing Judge | | BAYLY | |
| Defense Attorney | | N/A | |
| Initialed By: | | MRC. | |

**DETAINERS**

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |

**CONDUCT CREDITS**

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |

**JAIL CREDIT DATES**

| From and Including | To and Including |
|---|---|
| STREET TIME 2/11/87 | 2/27/87 = 17 DAYS |
| STREET TIME 4/11/87 | 5/20/91 = 1501 DAYS |

**REMARKS**

INOPERATIVE TIME FROM 9/26/92 THRU 1/26/97 = 1584 DAYS
1584 DAYS CONVERTED IS 4 YEARS 4 MON' 1 DAY. WHICH WAS CALCULATED IN THE ABOVE COMPUTATION.

VOID FACE SHEET DATED 6/11/91

YELLOW COPY TO ADP

ADP Form 19 DCDC-7-70

Exhibit D

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

Date Prepared: 9-8-98 (Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | Race | Sex |
|---|---|---|---|
| 148161 | COLEMAN, JAMES | Black | Male |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| 6'0" | 200 | Lg. | Brn. | Blk. | | 4/23/46 | Wash., D.C. |

| Field | | |
|---|---|---|
| Offense | DCPV ASSAULT, RAPE, AWITC RAPE | PRISON BREACH |
| Case Number | | F-790-97B |
| Sentence (Yrs., Mos., Days) | OWES 3,441 DAYS | 6/18 MONTHS |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 6-11-91 | 8-13-97 |
| Full Term Date (Mo., Da., Yr.) | — | 9-10-2006 |
| Short Term / M.R. Date (Mo., Da., Yr.) | | ~~9-6-2001~~ 8/28/2001 ESH  8/16/2001 |
| Parole Eligibility Date (Mo., Da., Yr.) | | 1-13-98 |
| Max. Supervision Date (Mo., Da., Yr.) | | NA |
| Statutory Good Time Rate / Month | | 30/1830 |
| Plea | | GUILTY |
| Committing Judge | | BAYLY |
| Defense Attorney | | |
| Initialed By: | | VB |

**DETAINERS**

| Date Filed | For | Action |
|---|---|---|

**CONDUCT CREDITS**

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| 7/16/98 | 9 | Life Skills | | |
| 2/3/00 | 12 | Computer Lit | | |

**JAIL CREDIT DATES**

| From and Including | To and Including |
|---|---|

**REMARKS**

VOID FACE SHEET DATED 8-15-97
RECOMPUTED UNDER THE NOBLE DECISION

PV TERM 9 YRS 4 MOS 30 DAYS

INOPERATIVE ESCAPE TIME: 9-26-92 THRU 1-26-97 = 1584 DAYS
ESCAPE TIME EQUALS 4 YRS 4 MOS 1 DAY

TOTAL AGGREGATED SENTENCE 15 YRS 2 MOS 31

YELLOW COPY TO ADP



GOVERNMENT OF THE DISTRICT OF COLUMBIA

DEPARTMENT OF CORRECTIONS
MAXIMUM SECURITY FACILITY
Lorton, Virginia 22199

Exhibit D

## MEMORANDUM

TO: James Coleman
DCDC 148161
CB 7

FROM: Virginia Bowie
Supervisor, Records

DATE: January 18, 2000

SUBJECT: Sentence Computation

Attached is copy of your face sheet. When you were sentenced August 13, 1997 to 6/18 mos your sentence was aggregated with your parole violators term and your inoperative escape time was also included in the computation. As your face sheet reflects your mandatory release date is 8-28-2001.

IDPS - 44



GOVERNMENT OF THE DISTRICT OF COLUMBIA

DEPARTMENT OF CORRECTIONS
MAXIMUM SECURITY FACILITY
Lorton, Virginia 22199

MEMORANDUM

TO:      James Coleman
         DCDC 148161
         CB 7

FROM:    Adrienne R. Poteat
         Warden

DATE:    February 14, 2000

SUBJECT: Sentence Computation

This is in response to your memo dated February 9, 2000 concerning your sentence computation.

According to the Record Office Supervisor, your computation is legal. Your sentence computation was based upon D.C. Code 22-2601(b), "said sentence to begin, if the person is an escaped prisoner, upon the expiration of the original sentence." In other words it must be consecutive to the offense from which you escaped. The only way it could run concurrent is if you are not charged with escape and released, returned to custody on a new charge and then charged with prison breach. Prison breach has no statue of limitations. The Judge could then legally run your prison breach concurrent to the new charge, because you did not escape on the new charge.

As of this date the Record Office Supervisor has contacted the Felony Branch to have your Judgement and Commitment Order amended to reflect the correct terminology.

IDPS-44

Case 1:01-cv-00267-WWC   Document 15   Filed 01/11/2002   Page 10 of 10

U.S. Department of Justice                    Notice of Action 
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: COLEMAN, James

Register Number: 00148+161                    Institution: Maximum Facility

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to expiration with placement recommended in a community corrections center for up to 90 days prior to the mandatory release date, and with the highest level of supervision. In addition, you shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you. In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. Further, you shall register with the Washington DC Police Department as a prior sex offender.

## REASONS:

Your previous score under the District of Columbia parole guidelines was 3. With adjustments reflecting your institutional record since your last hearing, your current score is 3. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time. After review of all factors and information presented, a departure from the guidelines at this consideration is warranted for the following reasons: You are a more serious risk than indicated by the total point score in that you have an extremely assaultive history. As a juvenile after first being retained in the Police Juvenile Bureau for assault you were subsequently placed on probation for multiple counts of housebreaking and unlawful entry. As an adult you have committing two brutal sex offenses. While on parole for the first offense of rape you committed another rape. After being paroled from the second rape offense you continued to commit criminal behavior involving burglary which resulted in your parole being revoked for a second time. While in custody as a parole violator you escaped and were in escape status over 4 years. There is no indication that you have lessened the risk that you pose to the community by participating in sex offender treatment in the institution. To the contrary, you continue to deny that you raped anyone which would be indicative of the fact that you continue to be a very serious public safety risk who should not be released until you have served to the expiration of your sentence.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

Date: January 3, 2000                                                Clerk: adc

Page 1 of 1                    COLEMAN.148