# See Attachment

17
2/19/02
dsm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES S. COLEMAN,                    :

      Petitioner

                         :

      vs.                          CIVIL ACTION NO. 1:CV-01-0267

                         :

SUSAN GERLINSKI, Warden,              :

      Respondent                    :

**FILED**

FEB 19 2002

PER _____
HARRISBURG, PA.          DEPUTY CLERK

M E M O R A N D U M

      On February 9, 2001, pro se Petitioner, an inmate confined at USP-Allenwood, filed this petition for writ of habeas corpus pursuant to 42 U.S.C. § 2241, alleging that the District of Columbia Department of Corrections and the United States Bureau of Prisons ("BOP") unconstitutionally recalculated his sentence in violation of procedural due process and the prohibition against ex post facto laws.  We are considering the report of the United States magistrate judge which recommends that we deny the petition.  We will deny it, and take this opportunity to briefly support our conclusion.

      Petitioner has two complaints.  First, while he was in the custody of the District of Columbia, the Department of Corrections recalculated the length of his sentence in accord with United States Parole Comm'n v. Noble, 711 A.2d 85 (D.C. Ct. App. 1998) (en banc), thereby extending the length of his sentence by revoking credit for "street time" from 1987 to 1991, initially

AO 72A
(Rev 8/82)

credited to him despite the revocation of his parole.[1]  Second,
while in federal custody,[2] the BOP lengthened his sentence
further[3] by making an adjustment to the number of applicable good
time credits which it believed were erroneously assigned by the
District of Columbia Department of Corrections for the time
Petitioner was on escape status from 1992 to 1997.[4]

---

[1]As a result, Petitioner's full term date changed from
September 17, 1996, to January 10, 2001, and his release date
changed from April 26, 1995, to August 27, 1999.
    In Noble, the Court of Appeals for the District of Columbia
resolved a decade-old dispute between the interpretations of D.C.
Code § 24-431(a),(now § 24-221.03), by the District of Columbia
Department of Corrections and the federal government.  Because of
the disparate interpretations, violators of the laws of the
District of Columbia in the custody of its Department of
Corrections were receiving credit for street time after parole had
been revoked, whereas District of Columbia violators in federal
custody were not.  After the Court of Appeals for the District of
Columbia held that § 24-431(a) did not operate to allow credit for
street time upon the revocation of parole, the Department of
Corrections not only began to apply that decision prospectively
but also recalculated the sentences of those prisoners who had
previously been given credit for street time after their parole
had been revoked.  This is the focus of Petitioner's first
claim-the revocation of street time credit previously granted to
him.

[2]Petitioner was transferred to federal custody on April 28,
2000.

[3]The BOP reduced the number of good time credits
approximately in half.  The recalculation resulted in a new
release date of October 11, 2003.

[4]In March 1992, Petitioner was placed in a halfway house from
which he escaped on September 25, 1992.  After he was apprehended
on January 25, 1997, he returned to prison to serve the remaining
time for his initial conviction of assault with intent to commit
rape.  He also pled guilty to prison breach and was sentenced to
6-18 months imprisonment, to run consecutively to his prior
conviction.

2

Rejecting Petitioner's first claim, the magistrate judge relied on Noble's holding that D.C. Code § 24-431(a), (now § 24-221.03(a)),[5] did not repeal D.C. Code § 24-206(a), (now § 24-406(a)),[6] (loss of accrued street time upon parole revocation). In that case, the court of appeals left unanswered whether its holding applies retroactively to prisoners who were granted credit for street time after parole had been revoked prior to the Noble decision. Davis v. Moore, 772 A.2d 204, 208 (D.C. Ct. App. 2001). The court of appeals did, however, recently resolve this issue in Davis v. Moore, 772 A.2d 204 (D.C. Ct. App. 2001). It is based upon Davis that we conclude that Petitioner's due process and ex post facto challenges fail. See Davis v. Moore, 772 A.2d 204

---

[5]Section 24-221.03 provides that "[e]very person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed." D.C. Code § 24-221.03(a).

[6]Section 24-406 provides that "[w]hen a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board. At such hearing he may be represented by counsel. The Board may then, or at any time in its discretion, terminate the parole or modify the terms and conditions thereof. If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a).

3

(D.C. Ct. App. 2001) (The court of appeals held that the retroactive application of <u>Noble</u> did not violate the prohibition against <u>ex post facto</u> laws because D.C. Code § 24-431(a) was invalid, and it did not violate due process because (1) the <u>Noble</u> decision was not unforeseeable and (2) a prisoner has no liberty interest in a misrepresentation by prison officials.  A prisoner raises no constitutional violation when prison officials correct a miscalculated sentence.)

As to Petitioner's second claim that he should receive good time credit during his escape status, we agree with the magistrate judge and find that the Petitioner's claim is meritless.   In making his determination, the magistrate judge relied upon District of Columbia Program Statement 5880.32 which provides that a prisoner's sentence is inoperative during an escape for which the prisoner will receive no jail time credit. Petitioner makes several arguments.

First, Petitioner alleges that the Program Statement was not issued until January 23, 2001, and is therefore not applicable to him.  The government does not address this issue.  However, even if Petitioner is correct, we believe the magistrate judge reached the right conclusion.  D.C. Code § 24-431 requires a prisoner to be in custody or on parole in order to receive credit for time served.  While on escape, Petitioner was neither in custody nor on parole, and accordingly cannot earn credit.  As a

4

logical extension, he also is ineligible to receive good time credit while on escape status.

Petitioner next argues that the BOP recalculation constitutes an enhancement which is prohibited by his prison-breach guilty plea. That plea allegedly provides that the government will seek no enhancements. This argument also fails. We are not confronted with the enhancement of his sentence for prison breach, but rather are dealing with the correction of a miscalculated sentence.

Challenging the reduction of his good time credits, Petitioner cites <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974). In that case, the Supreme Court held that prisoners are entitled to due process when prison officials attempt to revoke good time credits for alleged misconduct. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556-57, 94 S. Ct. 2693, 2975, 41 L.Ed.2d 935, 951-52 (1974). <u>Wolff</u> is inapplicable here.

Finally, Petitioner objects to the magistrate judge's failure to address the claim that the BOP exceeded its authority by not enforcing an order denying his parole and imposing certain conditions, which was issued by the United States Parole Commission on January 3, 2000. Exactly what Petitioner is

5

complaining of here is unclear.  Petitioner has not explained the actions of the BOP which he believes were in contradiction to this order, and accordingly, this argument also fails.


William W. Caldwell
United States District Judge

Date:  February  *19* , 2002

6